TODD KIM
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

TYLER M. ALEXANDER (CA 313188)
MAGGIE C. WOODWARD (MD #2212130001)
Trial Attorneys
Natural Resources Section
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044-7611

*Attorneys for Defendants*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION – RIVERSIDE

| | |
|---|---|
| BLUETRITON BRANDS, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES FOREST SERVICE, *et al.*, <br><br> Defendants. | 2:24-cv-09720-JGB-DTB <br><br> **DEFENDANTS' OPPOSITION TO YUHAAVIATAM OF SAN MANUEL NATION'S MOTION TO SHORTEN TIME** |

  Late Friday night, January 3, the Yuhaaviatam of San Manuel Nation moved to intervene as plaintiff in this case and to compel Federal Defendants to respond in three business days. ECF No. 64. As discussed below, the motion to shorten time should be denied, and Defendants should be afforded until at least January 20, 2025 to respond to the Nation's motion to intervene.

While Defendants are reviewing the over 500 pages of materials filed by the Nation, at first blush, the Nation misunderstands the nature of the agency action before this Court: the denial of a request for a new permit to BlueTriton Brands, Inc. for continued occupancy of National Forest System lands on the San Bernardino National Forest.  The Nation was not the applicant for the new permit nor a party to the expired permit, and so never had any rights under it.  And the Forest Service has made no decision purporting to adjudicate the Nation's alleged water rights or to prohibit the Nation from accessing those rights (if they exist), including across National Forest System lands.  In fact, it is just the opposite—the Forest Service has repeatedly invited the Nation to apply for its own special use permit, and the Nation has repeatedly refused.  For this reason, it is far from clear that the Nation meets the standards for intervention, and Defendants should be afforded a reasonable opportunity to prepare a response to the Nation's motion that will help the Court make a reasoned decision.  Defendants therefore oppose the Nation's request to shorten time and ask that the Court enter a reasonable briefing schedule on the Nation's motion to intervene—and if that is granted, the Nation's proposed motion for a preliminary injunction once that motion is properly before the Court—that allows Defendants to adequately assess the Nation's claims and theories.

There is no reason to move hastily here.  This case has been pending for five months, and the Forest Service provided public notice of the January 15, 2025 deadline for BlueTriton to cease diverting water from the Strawberry Creek watershed on August 28, 2024.  ECF No. 27.  The Nation's declarant makes plain that the Nation knew about the denial of BlueTriton's permit earlier still.  *See* Decl. of Daniel J. Little, ECF No. 65 ¶¶ 10-12; *see also* ECF 65-8 (December 11, 2023 agreement between BlueTriton and the Nation following the California Water Board's order).  There is no good reason for the Nation's long delay in bringing its motions.  And the

Nation does not pretend otherwise, instead offering only that it thought it could achieve its goals out of court. *See* ECF No. 64 at 9, 14-15 (stating the Tribe was prepared to intervene in this action when it learned of the permit denial in August). This lengthy and unjustified delay weighs strongly against the Nation's claim of irreparable harm and is a sufficient basis to deny the motion to shorten time. *Cf. Reno-Sparks Indian Colony v. Haaland*, 663 F. Supp. 3d 1188, 1201 (D. Nev. 2023) ("Plaintiffs do not mention, much less attempt to explain, their substantial delay in filing the Motion. Plaintiffs' delay in seeking preliminary injunctive relief weighs determinatively against a finding of irreparable harm." (citing *Lydo Enterprises, Inc. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984)).

Even had the Nation justified its delay, the Nation's briefing does not demonstrate any exigency requiring a shortened briefing schedule. The Nation's proposed brief in support of a motion for a preliminary injunction includes only a short, conclusory paragraph alleging harm from the Forest Service's order requiring BlueTriton to cease diverting water. *See* Nation's Mem. in Supp. of Mot. for Prelim. Inj., ECF No. 64-2 at 20. That paragraph cites a declaration alleging that the Nation requires millions of gallons of water each month to fight fire near the Arrowhead Springs hotel property, Decl. of Rodney Garton, ECF No. 65-6 ¶¶ 6-9, which is only minimally occupied. *See* ECF 65 ¶ 12; *see also* Decl. of Danelle D. Harrison, ECF No. 15-1 ¶ 16 (discussing minimal staffing of the property); Decl. of Noel Ludwig, ECF No. 15-2 ¶ 9 (discussing report that nearly 55 million gallons of water were delivered to the Arrowhead Springs property between November 1, 2023 and June 30, 2024). This explanation strains credulity—as the most recent fire cited by Mr. Garton occurred over five years ago—and ignores the alternative sources of water available. *See* Defs.' Opp'n to Mot. for Prelim. Inj., ECF No. 15, at 37 (discussing state records showing wells on the property and riparian rights); ECF no. 15-1

3

¶ 17 (same).  More, BlueTriton's and the Nation's continued refusal to provide any detail about how the water is being used reinforces the Forest Service's concern that BlueTriton has been dewatering Strawberry Creek only for the water to be dumped elsewhere.  As explained in Defendants' opposition to BlueTriton's motion for a preliminary injunction, this "status quo" is injurious to the San Bernardino National Forest and the public, and so cannot continue.  ECF No. 15 at 36-37 (discussing the environmental effects of dewatering Strawberry Creek); ECF No. 15-2 ¶¶ 8, 15-18 (discussing the Forest's need for the water and studies showing negative environmental effects from the diversions).

The Nation's requested briefing schedule—requiring Defendants to respond to their voluminous submission in three business days—is unreasonable and prejudicial.  Even the January 13 response date provided by the local rules based upon the hearing date the Nation chose is impracticable given undersigned counsels' imminent need to travel across the country to participate in the hearing on BlueTriton's motion for a preliminary injunction set on that same day.  January 20, 2024 Order, ECF No. 60.  Defendants thus request that this Court enter a briefing schedule on the Nation's motion to intervene that provides at least until January 20, 2025 for Defendants' response.

Submitted this 6th day of January, 2025,

TODD KIM
Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

  /s/ *Tyler M. Alexander*
TYLER M. ALEXANDER (CA 313188)
Trial Attorney
Natural Resources Section
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0238

4

tyler.alexander@usdoj.gov

MAGGIE C. WOODWARD
(MD #2212130001)
Trial Attorney
Natural Resources Section
Maggie.woodward@usdoj.gov
(202) 305-4224
P.O. Box 7611
Washington, D.C. 20044-7611

*Attorneys for Defendants*