Rachel S. Doughty (Cal. Bar No. 255904)
Jennifer Rae Lovko (Cal. Bar No. 208855)
GREENFIRE LAW, PC
2478 Adeline Street, Suite A
Berkeley, CA 94703
Ph/Fax: (510) 900-9502
Email: rdoughty@greenfirelaw.com
       rlovko@greenfirelaw.com

*Attorneys for Petitioners Save Our Forest Association, Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| SAVE OUR FOREST ASSOCIATION, INC.<br><br>Plaintiffs,<br><br>vs.<br><br>U.S. FOREST SERVICE, an agency of the U.S. Department of Agriculture, and MICHAEL NOBLES, in his official capacity as Acting District Ranger for the San Bernardino National Forest,<br><br>Defendants. | Case No.: 5:24-cv-01336-JGB-DTB<br><br>**PLAINTIFF SAVE OUR FOREST ASSOCIATION, INC.'s NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED CASES PURSUANT TO FED. R. CIV. P. § 42(a); AND FOR ORDER SHORTENING TIME**<br><br>Hearing Date: February 10, 2025<br>Hearing Time: 9:00 a.m.<br>Courtroom: 1<br>Judge: Hon. Jesus G. Bernal<br>Action Filed: June 25, 2024 |
| BLUETRITON BRANDS, INC.<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES FOREST SERVICE, an agency of the U.S. Department of Agriculture, and MICHAEL NOBLES, in his official capacity as Acting District Ranger for the San Bernardino National Forest,<br><br>Defendants. | Case No.: 2:24-cv-09720-JGB-DTB<br><br>Action Filed: August 6, 2024<br>Assigned to: Hon. Jesus G. Bernal |

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................ - 3 -

II.  FACTUAL AND PROCEDURAL BACKGROUND ....................................... - 4 -

III. ARGUMENT ....................................................................................................... - 5 -

    A.  The Actions Involve Common Questions of Law and Fact ............................. - 6 -

    B.  The Court Has Broad Discretion in Ordering Consolidation ........................... - 7 -

IV. CONCLUSION ................................................................................................... - 7 -

## NOTICE OF MOTION AND MOTION TO CONSOLIDATE CASES

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Monday, February 10, 2025, at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 1 of the above-entitled Court, located at 3470 Twelfth Street, Riverside, California, Plaintiffs SAVE OUR FOREST ASSOCIATION, INC. ("SOFA") will move this Court for an order consolidating the above actions, pursuant to Federal Rule of Civil Procedure §42(a). Both actions arise from the same or a closely related event, and both actions involve common questions of law and fact.

This motion is based upon the Notice of Motion, the Memorandum of Points and Authorities, the pleadings and records previously filed herein, and on such other evidence as may be presented at the hearing on this motion.

Pursuant to L.R. 7-3, undersigned counsel has conferred with counsel for Plaintiffs and Defendants in these matters. Defendants United States Forest Service do not oppose this motion. Plaintiff BLUETRITON BRANDS, INC. ("BTB") has reserved its right to oppose the instant motion.

## MOTION FOR ORDER SHORTENING TIME

Pursuant to L.R. 6-1, Plaintiff SOFA respectfully requests an Order Shortening Time to hear its Motion to Consolidate Related Cases, filed concurrently. SOFA requests that the instant motion be heard on January 13, 2025, at 9:00 a.m., which is the date currently set to hear concurrent motions to intervene and for preliminary injunction, filed only yesterday by proposed intervenor YUHAAVIATAM OF SAN MANUEL NATION ("The Nation") in these actions.

This Court has authority to shorten time to hear SOFA's Motion to Consolidate. Rule 6(c) of the Federal Rules of Civil Procedure sets forth the time for hearings on noticed motions except "when a court order—which a party may, for good cause, apply for ex parte—sets a different time." Fed. R. Civ. P. §6(c)(1); *see also United States v. Fitch,* 472 F.2d 548, 549, n.5 (9th Cir. 1973) (citing former Rule 6(c) explaining that this rule "allows the district court discretion to shorten time"). The Local Civil Rules for the United States District Court for the Central District of

1  California recognize this authority, and provide that "[t]he Court maty order a shorter time" that
2  otherwise prescribed by the rules. L.R. 6-1.
3      "An application to vary the time requirement may be heard *ex parte*." 4B Wright, Miller &
4  Kane, Fed. Prac. & Proc. Civ. § 1169 at 582. Far shorter periods of time than that proposed here
5  have been found acceptable under due process challenge. *See Dominion Video Satellite, Inc. v.*
6  *EchoStar Satellite Corp.*, 269 F.3d 1149, 1153 (10th Cir. 2001) (finding that the district court did
7  not abuse its discretion in scheduling a preliminary injunction hearing within three days of a motion
8  for injunctive relief); *CIENA Corp. v. Jarrard*, 203 F.3d 312, 319 (4th Cir. 2000) ("broad discretion
9  is given to the district court to manage the timing and process for entry of all interlocutory
10 injunctions – both TROs and preliminary injunctions – so long as the opposing party is given a
11 reasonable opportunity."). The essential requirement is that the defendant be "given a fair
12 opportunity to oppose the application and to prepare for such opposition." *Granny Goose Foods,*
13 *Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 433 n.7 (1974);
14 *DOL v. Wolf Run Mining Co.*, 452 F.3d 275, 283 (4th Cir. 2006) (the focus is "not on a specific
15 time period but on whether the opposing party had a fair opportunity to oppose"). Plaintiff's
16 proposed hearing schedule meets that requirement.
17     Here, good cause exists to shorten the time for these motions to be heard. First, BTB has
18 filed a Motion for Preliminary Injunction in its case seeking specific relief that would impact
19 SOFA's rights in its earlier-filed case. That motion is scheduled to be heard on the January 13,
20 2025, date. Second, proposed intervenors The Nation has recently filed its own Motion for
21 Preliminary Injunction, wherein the remedies requested also directly impact SOFA's rights in its
22 earlier-filed case. That motion is also scheduled to be heard on January 13, 2025, pursuant to the
23 Court's order shortening time. [ECF 68]
24     BTB cannot reasonably allege prejudice by the shortening of time for this motion to be
25 heard. Counsel for BTB was contacted on January 2, 2025, for their opinions on this motion.
26 Moreover, the hearing date of January 13, 2025, was set by this Court on December 20, 2024, to
27
28

hear BTB's own previously-filed motions. [ECF 60] As indicated previously, counsel for Federal Defendants has already indicated that the USFS does not oppose the instant motion.

Therefore, it is in the interests of judicial and administrative economy to hear all pending related motions on January 13, 2025, and to consolidate these closely related actions.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE RELATED CASES**

SOFA hereby moves the Court to consolidate the two cases appearing in the caption, pursuant to Fed. R. Civ. P. § 42(a), as both actions arise from the same or a closely related transaction, happening, or event, and both actions involve common questions of law and fact. Multiple matters, pending and resolved, in state and federal court as well as before the California State Water Resources Control Board ("SWRCB"), concern the right of Plaintiff BLUETRITON BRANDS, INC. ("BTB") to occupy and divert water from certain springs located in Strawberry Canyon in the San Bernardino National Forest ("SBNF") in California.

On January 2, 2025, undersigned counsel conferred with counsel for the U.S. Forest Service ("USFS"); the USFS does not oppose consolidation. SOFA also consulted with counsel for BTB regarding the instant motion. BTB Counsel stated "BTB is not opposed to coordination of merits briefing schedules in the two cases, but in BTB's judgment, consolidation is unnecessary to achieve that efficiency. BTB will reserve its right to oppose this motion until it can review what has been filed."

**I.     INTRODUCTION**

Rule 42 (a) of the Federal Rules of Civil Procedure provides that:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

The purpose of Rule 42(a) is to "give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and

- 3 -

PLAINTIFF SAVE OUR FOREST ASSOCIATION, INC.'s NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED CASES PURSUANT TO FED. R. CIV. P. § 42(a); AND FOR ORDER SHORTENING TIME - 5:24-cv-01336-JGB-DTB / 2:24-cv-09720-JGB-DTB

economy while providing justice to the parties." Wright & A. Miller, Federal Practice and Procedure, § 2381 (1971).

There are two related lawsuits presently pending before this Court:

| Case Name | Case Number | Date Filed | Judge |
|---|---|---|---|
| *Save our Forest Association, Inc. v. U.S. Forest Service, et al.* | 5:24-cv-01336 | June 25, 2024 | Hon. G. Jesus Bernal |
| *BlueTriton Brands, Inc. v. U.S. Forest Service, et al.* | 2:24-cv-09720 | August 6, 2024 | Hon. G. Jesus Bernal |

Both of these actions challenge the USFS's management of water in Strawberry Canyon in the SBNF. SOFA seeks relief from this Court that would invalidate the most recent Special Use Permit ("SUP") issued to BTB by the USFS, the environmental review upon which the USFS relied in issuing that SUP (and prior SUPs), and which would require the USFS to demand BTB remove water-diversion infrastructure from the SBNF. BTB challenges the USFS's recent denial of BTB's application for a new SUP to allow BTB's continued occupancy of the SBNF and diversion of substantially all of the water from Strawberry Canyon. BTB has filed a Motion for Preliminary Injunction in its case seeking to prevent the USFS from denying BTB a new SUP, which would impact SOFA's rights in SOFA's earlier-filed case seeking the exact opposite.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

SOFA filed its complaint initiating case 5:24-cv-01336-JGB-DTB ("SOFA Case"), in this Court on June 25, 2024, seeking declaratory and injunctive relief, and challenging the U.S. Forest Service's decision to issue special use permits to BTB allowing occupancy of San Bernardino National Forest lands and the continued dewatering of SBNF Strawberry Creek and its tributary springs.

BTB then filed its complaint initiating case 2:24-cv-09720-JGB-DTB ("BTB Case") before the United States District Court for the District of Columbia on August 6, 2024, seeking declaratory and injunctive relief, and challenging the USFS's July 26, 2024, decision to deny BTB's application for SUP FCD728503. BTB simultaneously filed a Motion for Preliminary Injunction ("BTB MPI")

asking the Court to preliminarily enjoin the USFS to withdraw its July 26, 2024, decision denying the 2023 SUP. (DDC ECF 2).

SOFA filed a notice of related cases was filed with the Central District of California and in the District of D.C. (SOFA Case, CDCA ECF 6, BTB Case, DDC ECF 3) on August 6, 2024. Subsequently, SOFA filed a Notice of Pendency of Other Actions or Proceedings (SOFA Case, CDCA ECF 22, BTB Case, DDC ECF 7) on August 12, 2024.

On August 27, 2024, SOFA filed its First Amended Complaint in the SOFA Case (SOFA Case, CDCA ECR 24), acknowledging and approving of the denial of BTB's latest permit application (which is the subject of the BTB Case) and also seeking relief in the form of an order of this Court that the USFS cease its continued acquiescence in the unpermitted occupancy of federal land. The BTB MPI seeks to prolong this unpermitted occupancy or reverse the denial of the application.

On August 28, 2024, Defendant USFS filed a Motion to Transfer Venue to the Central District of California, which was granted by the District Court for the District of Columbia on October 23, 2024. The matter was also assigned to the Honorable Jesus G. Bernal, on November 19, 2024 (BTB Case ECF 35), to whom this SOS Case was already assigned.

On January 3, 2025, the San Manuel Band of Mission Indians ("San Manuel") filed a motion to intervene in the BTB Case and their proposed complaint identifies SOFA's Case as related. (BTB Case, ECF 64-1, p. 16) The San Manuel seek through their intervention in the BTB Case to prevent the USFS from denying BTB's permit application to occupy federal land. (BTB Case ECF 64-1).

**III.   ARGUMENT**

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact. *See* Manual For Complex Litigation, Fourth, § 11.631, at pp. 121-22 (2004) ("MCL"); *Owen v. Labor Ready Inc.,* 146 F. App'x. 139, 141 (9th Cir. 2005); *In re Cendant Corp. Litig.*, 182 F.R.D. 476,478 (D.N.J. 1998); *In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 175 (C.D. Cal. 1976). Subdivision (a) of this rule relating to consolidations of actions for trial was designed to encourage consolidations where possible. *U.S. v. Knauer*, 149 F.2d 519,

520 (7th Cir. 1945), certiorari granted, 326 U.S. 714, aff'd, 328 U.S. 654, reh'g denied, 329 U.S. 818, petition denied, 322 U.S. 834. This Court has broad discretion under this rule to consolidate cases within this district. *Investors Research Co. v. U.S. District Court for Cent. Dist.*, 877 F.2d 777 (9th Cir. 1989); *Perez-Funez v. Dist. Director, Immigration & Naturalization Serv.*, 611 F. Supp. 990, 994 (C.D. Cal. 1984) ("[the] court has broad discretion in deciding whether or not to grant a motion for consolidation, although, typically, consolidation is favored.")

The courts have recognized the practicality of consolidation, particularly of closely related actions, pursuant to Rule 42(a) because unification expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings, and minimizes the expenditure of time and money for all parties involved. *Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 773 (9th Cir. 1977); *Owen v. Labor Ready Inc.*, 146 F. App'x. at 141 (citing *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984)). Consolidating related actions also simplifies pretrial and discovery motions and related issues, and clerical and administrative management duties. Consolidation also reduces the confusion and delay that may result from prosecuting related actions separately, and preserves judicial economy during the pendency of multiple actions.

### A.   The Actions Involve Common Questions of Law and Fact

Rule 42(a) permits a district court to consolidate separate actions when they involve "a common question of law or fact." Fed. R. Civ. P. 42(a). Even if not all questions in the actions are common, consolidation is not precluded. *Batazzi v. Petroleum Helicopters, Inc.,* 664 F.2d 49, 50 (5th Cir. 1981); See *Central Motor Co. v. United States*, 583 F.2d 470 (10th Cir. 1978).

There are several common questions of law and fact in these actions. First, both cases involve the validity of the USFS's decision regarding the issuance of special use permits to BTB to allow the company to occupy federal land with its diversion infrastructure, and for this reason, the cases will have the same or substantially same administrative record. Second, both causes of action arise from the same factual situation; namely, the adequacy of the record to support the USFS's decisions regarding the most recent application of BTB for a new SUP as well as the continued

occupancy of federal land by BTB by leave of the USFS despite the lack of a valid SUP. Furthermore, if the Court grants the preliminary relief sought by Plaintiff BTB, it will necessarily impact Plaintiff SOFA's right to pursue the relief it seeks. These two actions are not only related, they are uniquely intertwined. These actions are therefore particularly appropriate for consolidation.

### B. The Court Has Broad Discretion in Ordering Consolidation

The Court has broad discretion in determining whether consolidation is practical. *Atlantic States Legal Foundation Inc. v. Koch Refining Co.*, 681 F. Supp 609, 615 (D. Minn. 1988). In exercising this discretion, a court should weigh the time and effort consolidation would save with any inconvenience or delay it would cause. *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985); *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984). See also *Kramer v. Boeing Co.*, 134 F.R.D. 256 (D. Minn. 1991).

Consolidation offers efficiency and convenience in these matters. They will have substantially the same administrative record, the outcome of each impacts the relief available to the other, and any appeal could suspend relief for the other. A consolidated proceeding will save time and avoid unnecessary costs to all parties and the Court.

## IV. CONCLUSION

In the interests of judicial economy and for the reasons set forth above, Plaintiff SOFA respectfully requests that the Court order consolidation of the actions, pursuant to Fed.R.Civ.P. §42(a).

Dated: January 7, 2025                                      Respectfully Submitted,

By:  */s/ Rachel Doughty*
     Rachel S. Doughty

**CERTIFICATE OF SERVICE**

I hereby certify that on January 7, 2025, I electronically filed and served the foregoing with the Clerk of the Court for the United States District Court for the District of Nevada using the CM/ECF system, which will send notification of this filing to the attorneys of record.

/s/ Rachel Doughty
Rachel S. Doughty