TODD KIM
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

TYLER M. ALEXANDER (CA 313188)
MAGGIE C. WOODWARD (MD #2212130001)
Trial Attorneys
Natural Resources Section
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044-7611

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION – RIVERSIDE

| | |
|---|---|
| BLUETRITON BRANDS, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES FOREST SERVICE, *et al.*, <br><br> Defendants. | 2:24-cv-09720-JGB-DTB <br><br> **DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

Suppl. Br. in Opp. to Pl's. Mot. for Prelim Inj.
2:24-cv-09720-JGB-DTB

In accordance with this Court's December 20, 2024 order, Defendants provide this supplemental brief on: (1) differences in Ninth Circuit caselaw and (2) factual developments regarding Plaintiff BlueTriton Brands, Inc.'s pipeline since the close of briefing.

First, in deciding motions for preliminary relief, courts in the Ninth Circuit apply the *Winter* test as described in Defendants' Opposition brief, ECF No. 15 at 10-11.  A preliminary injunction is "a drastic and extraordinary remedy, which should not be granted as a matter of course," *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010), but is reserved for when the movant makes "a clear showing" warranting relief.  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  In seeking a preliminary injunction, the movant must show that "(1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm if the preliminary injunction is not granted; (3) the balance of equities tips in its favor; and (4) an injunction is in the public's interest." *Conservation Cong. v. U.S. Forest Serv.*, 720 F.3d 1048, 1054 (9th Cir. 2013) (citing *Winter*, 555 U.S. at 20, 22).  Or in the Ninth Circuit, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).  This is not a significant difference; under either test, the Plaintiff must "make a showing on all four prongs." *Id.* at 1135.

Second, there have been no significant factual developments since the close of briefing on BlueTriton's motion for a preliminary injunction.  The Forest Service is reviewing BlueTriton's plan to decommission and remove the pipeline.  While that review is still in progress, the Forest Service has already concluded that some revisions will be necessary before the Forest Service can approve the plan

and BlueTriton can implement removal. The Forest Service estimates that plan review will take several months—and involve consistent communication with BlueTriton—and so removal of the pipeline is not imminent and the final decision will not come as a surprise. But even after the Forest Service approves a final removal plan, the Forest Service will provide at least 30 days' notice to the Parties and Court before ordering BlueTriton to implement the plan and remove the pipeline.

Submitted this 8th day of January, 2025,

TODD KIM
Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

　/s/ *Tyler M. Alexander*　
TYLER M. ALEXANDER (CA 313188)
Trial Attorney
Natural Resources Section
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0238
tyler.alexander@usdoj.gov

MAGGIE C. WOODWARD
(MD #2212130001)
Trial Attorney
Natural Resources Section
Maggie.woodward@usdoj.gov
(202) 305-4224
P.O. Box 7611
Washington, D.C. 20044-7611

*Attorneys for Defendants*