Rachel S. Doughty (Cal. Bar No. 255904)
Jennifer Rae Lovko (Cal. Bar No. 208855)
GREENFIRE LAW, PC
2478 Adeline Street, Suite A
Berkeley, CA 94703
Ph/Fax: (510) 900-9502
Email: RDoughty@greenfirelaw.com
        RLovko@greenfirelaw.com

*Attorneys for Amicus Curiae*
*SAVE OUR FOREST ASSOCIATION, INC.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION – RIVERSIDE

| | |
|---|---|
| BLUETRITON BRANDS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES FOREST SERVICE, *et al.*,<br><br>Defendants. | Case No.: 2:24-cv-09720-JGB-DTB<br><br>**SUPPLEMENTAL *AMICUS CURIAE* BRIEF OF SAVE OUR FOREST, INC.**<br><br>Date: January 13, 2025<br>Time: 9:00 a.m.<br>Courtroom: 1<br>Judge: Hon. Jesus G. Bernal<br><br>Action Filed: August 6, 2024 |

BlueTriton Brands ("**BTB**") has apparently still not provided the US Forest Service with any proof supporting whatever BTB's present theory is of the basis of BTB's right to the water in Strawberry Canyon. BTB is seeking through its lawsuit against the State Water Resources Control Board ("**SWRCB**") in Fresno Superior Court a ruling that the SWRCB does not have jurisdiction over the water BTB diverts from the Headwaters Springs in Strawberry Canyon ("**Springs**")— basically that the water is not surface but groundwater. If BTB loses, then BTB cannot prove right to the water in the Springs. Even if BTB wins in Fresno, that still does not establish that BTB has a right to the water it takes (whether groundwater, riparian, or some other classification)—it only proves the water is not within the SWRCB's jurisdiction. If the Springs are determined in Fresno to be groundwater outside of the SWRCB's jurisdiction, for example, then the right to the water is held presumptively by the overlying landowner(s), as discussed in Save Our Forest Association's ("**SOFA**") amicus brief (ECF 19). BTB would need to provide that information to the USFS before the USFS could give BTB a permit. To date, based upon FOIA requests to the USFS, BTB has still elected to not provide that information, presumably because it is aware that offering conflicting theories in different forums will undermine BTB's credibility in both. It is that application information deficit, languishing for years, that undermines BTB's cry of urgency in support of its motion for preliminary relief.

A third party—the Yuhaaviatam Clan of the Maara'yam (Serrano) (sometimes called the San Manuel Band of Mission Indians, here "**Yuhaaviatam**"), which has no special use permit ("**SUP**") from the USFS, is now receiving all water diverted by BTB. Counsel for SOFA met with counsel for the Yuhaaviatam on January 8, 2025, and confirmed that the Yuhaaviatam has never applied for, nor does it hold, an SUP from the USFS to divert water from the San Bernardino National Forest.[1]

In short, just because BTB has been taking water for years from federal land does not mean it is entitled to continue doing so, especially in the face of the following existing and continuing facts:

---

[1] SOFA does not (and could not) object to the Yuhaaviatam applying for an SUP or the USFS considering any such application.

1. An SUP denial by the USFS on grounds the BTB failed to comply with its obligations under its prior SUP and failed to provide the USFS with legally required information and still has not provided that information,
2. Information that water is being diverted on the basis of water rights of a third party which has no SUP,
3. BTB disputing in state court the existence of the very surface water rights that it previously represented it had USFS in order to gain access to water on federal land in the first place, and
4. The harm to the public described in SOFA's opening brief and supporting declarations continues.

The facts stated in this brief are supported by the Declaration of Rachel Doughty, filed herewith.

Dated: January 8, 2025                                            Respectfully Submitted,

By:   /s/ Rachel Doughty