**HUNTON ANDREWS KURTH LLP**
Brandon Marvisi (SBN 329798)
bmarvisi@HuntonAK.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: (213) 532-2000
Facsimile: (213) 532-2020

George P. Sibley, III (admitted *pro hac vice*)
Kevin S. Elliker (admitted *pro hac vice*)
951 East Byrd Street
Richmond, Virginia 2321
Telephone: (804) 788-8200
Facsimile: (804) 788-8218

Andrew J. Turner (admitted *pro hac vice*)
Todd S. Mikolop (admitted *pro hac vice*)
2200 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 955-1658
Facsimile: (202) 778-2201

Attorneys for Plaintiff
BLUETRITON BRANDS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION – RIVERSIDE

| | |
|---|---|
| BLUETRITON BRANDS, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES FOREST SERVICE, *et al.*, <br><br> Defendants. | Case No. 2:24-cv-09720-JGB-DTB <br><br> **RESPONSE IN SUPPORT OF MOTION TO INTERVENE AND MOTION FOR PRELIMINARY INJUNCTION** |

The Yuhaaviatam of San Manuel Nation (the "Nation") moved to intervene and preliminarily enjoin the United States Forest Service's (USFS) unlawful denial of BlueTriton Brands, Inc.'s (BlueTriton's) use of a right-of-way through the San Bernardino National Forest (SBNF) to transport water for, among other purposes, use by the Nation. ECF No. 64. The Nation seeks relief from the harm it will suffer by losing a source of water for which it has no current alternative. *Id*. BlueTriton filed its own, broader preliminary injunction motion at the outset of this litigation to protect long-held rights to collect and transport water from Arrowhead Springs for various beneficial uses, including as bottled Arrowhead® Mountain Spring Water brand drinking water, and as drinking, domestic, firefighting, and irrigation water it supplies to the Nation. ECF No. 2. BlueTriton maintains its own preliminary injunction motion, and supports the Nation's motion.

### I.  BlueTriton Supports the Nation's Preliminary Injunction Motion, which is Well Within the Scope of BlueTriton's Motion

The USFS Notice of Denial terminates BlueTriton's authorization to maintain a right-of-way on SBNF lands, effectively terminating BlueTriton's access to its water rights and all water collection, deliveries, and uses by BlueTriton, including deliveries to the Nation. *See* ECF No. 1-1 at 1. The Nation seeks relief from the harm that the USFS's action will inflict on its own operations and those, like firefighting, the Nation supports, by asking this Court to enjoin the USFS from enforcing the Notice of Denial "as related to the Nation, thereby terminating the Nation's water supply at Arrowhead Springs." ECF No. 64-2 at 29. BlueTriton supports the Nation's motion, but also seeks to enjoin the entirety of the USFS's Notice of Denial in order to protect BlueTriton's interests, including the exercise of its water rights that are at the foundation of its Arrowhead® brand, and to avoid decommissioning its spring water infrastructure at extreme and unrecoverable cost. For this reason, the Court should

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

grant BlueTriton's motion, which would allow for the continued delivery of water to the Nation and eliminate further harm to BlueTriton's business.

## II. BlueTriton and the Nation Have a Longstanding Relationship

As the Nation explains, BlueTriton and the Nation (through their predecessors) have enjoyed an important relationship for well over a century. ECF No. 64-2 at 9. That relationship is reflected, in part, in a contract between the parties for the delivery of water by BlueTriton to the Nation from water collected in Strawberry Canyon in the SBNF. ECF No. 65-8. BlueTriton values this longstanding relationship with the Nation, which it has sought to protect through its own motion for preliminary injunction and its requests to the USFS to stay its Notice of Denial. California's State Water Resources Control Board recognized the importance of BlueTriton's delivery of water to the Nation, too, by excluding this water collection and delivery from a (now judicially stayed) cease and desist order issued to BlueTriton with respect to specific spring sites. ECF No. 15-22. Inexplicably, the USFS is not only relying on a judicially stayed state agency order, but is doing so in a manner that denies BlueTriton's collection of water from *all* spring sites (not just those that were the subject of the stayed state order), *including* for water deliveries to the Nation. The USFS is preventing BlueTriton from fulfilling its contractual obligations to provide water to the Nation, causing harm to the longstanding and valued relationship between BlueTriton and the Nation and harm to BlueTriton's brand, business, and reputation generally.

## III. BlueTriton's Ownership of Assets Is Unchanged

In its Motion to Intervene, the Nation explains that the 1931 contract for BlueTriton's delivery of water to the Nation remained in effect "notwithstanding [a] transfer of ownership" to BlueTriton in 2021. ECF No. 64 at 13. However, there was no transfer of title to the assets (no bill of sale, no deed, no assignment of, e.g., the spring water collection system) as between Nestlé Waters North America Inc. and

**Hunton Andrews Kurth LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

BlueTriton. Rather, a new set of shareholders purchased the stock of the upstream parent entity, and the corporate name of Nestlé Waters North America Inc. was changed to BlueTriton. While not material to the Nation's motion to intervene or motion for preliminary injunction, BlueTriton provides this information to the Court to clarify the corporate name change to BlueTriton.

### IV. The USFS Effort to Decommission BlueTriton's Infrastructure

BlueTriton and the Nation both articulate compelling ways that removal of BlueTriton's infrastructure on the SBNF will harm the respective entities. ECF No. 2-2; ECF No. 64-2 at 27. As directed by the USFS Notice of Denial, Blue Triton submitted a decommissioning plan to the USFS on October 18, 2024. ECF No. 34 at 1. The USFS allowed BlueTriton to continue to access and use BlueTriton's infrastructure through January 15, 2025, but only to deliver water to the Nation. ECF No. 27-1. After the case was transferred to this Court, BlueTriton requested a further extension of that limited use, but USFS has thus far refused. ECF No. 59.

Just two days ago, BlueTriton learned from a USFS filing that the USFS continues to review BlueTriton's proposed decommissioning plan and that its review and ultimate approval will take "several months." ECF No. 73 at 2-3. The USFS avers that it will provide "at least 30 days' notice to the Parties and Court before ordering BlueTriton to implement the plan and remove the pipeline." ECF No. 73 at 3. But nothing the USFS said in its filing addresses the fact that, by the end of January 15, 2025, BlueTriton will be required by the USFS's action to turn off water collections and deliveries to the Nation. Not only will this place the Nation at great risk—it will cause BlueTriton to incur costs necessary to facilitate shutting down its collections, including costs already incurred.[1]

Moreover, the USFS will remain free to order BlueTriton to implement the decommissioning plan at an unrecoverable cost to BlueTriton of roughly $12MM,

---

[1] Ex. 1, Declaration of Lewis W. Mixon

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

ECF No. 34, which the Nation states will negatively impact both the quantity and quality of the water flowing across the Nation's property, and will endanger the property itself. ECF NO. 64-2 at 27. Indeed, the USFS's vague timeline to complete its review of the decommissioning plan hardly demonstrates a pressing need by the USFS to decommission the pipeline, and thus the balance of harms plainly favors the preliminary injunctions sought by BlueTriton and the Nation.

Dated: January 10, 2025

HUNTON ANDREWS KURTH LLP

By: /s/ Brandon Marvisi
Brandon Marvisi
George P. Sibley, III
Kevin S. Elliker
Andrew J. Turner
Todd S. Mikolop
Attorneys for Plaintiff
BLUETRITON BRANDS, INC.

# EXHIBIT 1

## DECLARATION OF LOUIS W. MIXON, III

I, Louis W. Mixon, III, declare:

### Qualifications

1.I have personal knowledge of the facts set forth herein except as to those matters stated upon information and belief, and, as to such matters, I am informed and believe that they are true.

2.Since August 29, 2014, I have been employed by BlueTriton Brands, Inc. ("BlueTriton") and its predecessors and successor. I currently serve as BlueTriton's Senior Manager - Natural Resources with primary responsibility for the Arrowhead® Mountain Spring Water brand in California and Colorado.

3.As Senior Manager - Natural Resources, I am familiar with BlueTriton's spring resources, water infrastructure, operations, and business throughout the States of California (including, without limitation, with respect to BlueTriton's operations in Strawberry Canyon and in connection therewith) and Colorado. My responsibilities include sustainable development of new water sources, siting of new facilities, sustainable management of existing water resources, development and management of monitoring and control systems, sustainable water sourcing for each facility, public outreach, and community relations.

4.I have been directly involved in BlueTriton's planning process to shut down water collection and transport from Arrowhead Springs in accordance with the United States Forest Service's ("Forest Service") Notice of Denial dated July 26, 2024 and the current administrative stay of that Notice, which expires on January 15, 2025 (collectively, "Notice of Denial").  I have also been directly involved in BlueTriton's planning process to decommission its water collection and transportation infrastructure on Forest Service land in Strawberry Canyon, also in accordance with the Notice of Denial.

## Overview

5.     I make this declaration in support of BlueTriton's Response in Support of the Motion to Intervene and Motion for Preliminary Injunction filed by the Yuhaaviatam of San Manuel Nation (the "Nation") in the above-captioned case.

6.     The purpose of this declaration is to describe the significant impacts and harms that BlueTriton will incur as a result of the Forest Service's Notice of Denial if this Court does not enjoin the Notice of Denial.

7.     BlueTriton typically accesses its water collection infrastructure in Strawberry Canyon, which is located on steep and rugged slope, via the use of a contracted helicopter service. Unless this Court enjoins the Forest Service's Notice of Denial, BlueTriton will be required to shut down the water collection and transportation system on or before January 15, 2025. To shut down the system, BlueTriton will need to physically access spring vaults, valves, and other infrastructure and conduct the shutdown process manually. I am informed and believe that BlueTriton has reserved the use of a contracted helicopter service and submitted flight plan notifications to the USFS for January 13-4, and 15-17 (dependent on weather and fire conditions), 2025, in order to transport crew to the infrastructure and conduct the shutdown in order to comply with the Forest Service's Notice of Denial.

8.     I am informed and believe that Santa Ana winds are forecasted for the area in the vicinity of Strawberry Canyon during the week of January 13, 2025. I am informed and believe that Santa Ana winds may preclude a helicopter from transporting BlueTriton personnel to Strawberry Canyon to shut down the water collection and transportation system. In the event that a helicopter cannot transport BlueTriton personnel, BlueTriton personnel will be required to carry equipment and access the infrastructure sites on foot, putting personnel at risk and extending the amount of time needed to complete the tasks required by the Forest Service.

9. Shutting down the water collection and transportation system at Arrowhead Springs is an act that cannot be quickly undone. Should BlueTriton's infrastructure be needed to collect and transport water for emergency or other purposes after it has been shut down, the total process of re-opening the system would be expected to take between three and five days to restore water collections from the Tunnel 2, Tunnel 3 and Borehole 8 sources. Pipeline disinfection would then need to be scheduled and completed once groundwater flows have stabilized (unknown timeframe during which water will not be available). Shutting down or re-opening the system may only be done in person and on site—not remotely—and any onsite work typically takes several days (if not weeks) to plan and execute.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 10, 2025 in Dallas, Texas.

By: _____
Louis W. Mixon, III
Senior Manager - Natural Resources
BlueTriton Brands, Inc.

4718 Mountain Creek Parkway Dallas, Texas 75236