# Exhibit  2
# to Declaration of Rachel Doughty

# LOCAL AGENCY FORMATION COMMISSION
# COUNTY OF SAN BERNARDINO

215 North "D" Street, Suite 204
San Bernardino, CA 92415-0490 • (909) 383-9900 • Fax (909) 383-9901
E-mail: lafco@lafco.sbcounty.gov
www.sbclafco.org

---

**DATE:**      **OCTOBER 10, 2006**

**FROM:**      **KATHLEEN ROLLINGS-McDONALD, Executive Officer**

**TO:**        **LOCAL AGENCY FORMATION COMMISSION**

---

**SUBJECT:**   **Agenda Items #5A and #5B – LAFCO 3053 – Sphere of Influence Expansion for the City of San Bernardino and LAFCO 3050 – Reorganization to Include City of San Bernardino Annexation No. 360 (Arrowhead Springs Specific Plan Area)**

---

**INITIATED BY:**

City Council Resolution, City of San Bernardino

**RECOMMENDATION:**

The staff recommends that the Commission approve LAFCO 3053 with the modification to expand the proposal to include the Highway 18 right-of-way not a part of the original proposal within Sections 3 and 10, and continue consideration of LAFCO 3050 to the November 15th Hearing for the receipt of additional information, with an indication of support for the reorganization, by taking the following actions:

1.   With respect to the environmental review necessary for LAFCO 3053:

   a.   Certify that the Environmental Impact Report (EIR) and other related environmental documents prepared by the City of San Bernardino for the Arrowhead Springs Specific Plan project have been independently reviewed and considered by the Commission, its staff and its Environmental Consultant;

   b.   Determine that the EIR for the project prepared by the City is adequate for the Commission's use as a California Environmental Quality Act (CEQA) Responsible Agency for its determinations related to LAFCO 3053;

c.    Determine that the Commission does not intend to adopt alternatives or mitigation measures for the Arrowhead Springs Project and that the mitigation measures identified for the project are the responsibility of the City and others, not the Commission;

d.    The Commission makes the finding that the addition of the acreage included within the Highway 18 right-of-way added to the project does not modify the conclusions in the environmental documentation submitted or provide for additional adverse environmental effects resulting from the addition that would require further environmental evaluation;

e.    Adopt the Candidate Findings of Fact and Statement of Overriding Considerations, as presented by the Commission's Environmental Consultant as attached to the staff report; and,

f.    Direct the Clerk of the Commission to file the Notice of Determination within five days and find that no further Department of Fish and Game filing fees are required by the Commission's approval since the City, as lead agency, has paid said fees.

2.    Approve LAFCO 3053 – Sphere of Influence Expansion for the City of San Bernardino with the modification to expand the amendment area to include the Highway 18 right-of-way previously excluded within Sections 3 and 10.

3.    Adopt LAFCO Resolution #2941 setting forth the Commission's findings and determinations concerning this proposal.

4.    Indicate the Commission's intent to approve LAFCO 3050 – Reorganization to include City of San Bernardino Annexation No. 360 and continue to the November 15, 2006 Commission Hearing in order to receive additional information related to the provision of services to the area.

However, if the Commission determines that the information provided at the hearing is sufficient to answer the questions raised by LAFCO staff in this report and by the Commission at previous hearings, it can also approve LAFCO 3050 by taking the following additional actions:

1.    Modify environmental actions outlined above to include a decision on LAFCO 3050.

2.    Modify LAFCO 3050 to include the Highway 18 right-of-way not a part of the original proposal within Sections 3 and 10.

AGENDA ITEMS #5A & #5B –
CITY OF SAN BERNARDINO ANNEXATION NO. 360
ARROWHEAD SPRINGS SPECIFIC PLAN AREA
OCTOBER 10, 2006

3.    Approve LAFCO 3050, with the following conditions:

a.    Standard terms and conditions that include the "hold harmless" clause for potential litigation costs, continuation of fees, charges, assessments, and the identification that the transfer of utility accounts will occur within 90 days of the recording of the Certificate of Completion; and,

b.    A condition to address service mechanisms in the event of court approval of environmental litigation filed on the project to read as follows:

"In the event that a court of competent jurisdiction invalidates the annexation of any of the properties within this reorganization for any reason, the City of San Bernardino shall enter into an out-of-agency service agreement with the County of San Bernardino for the provision of all services in that area that the City proposes to take over in the change of jurisdiction process, and present the same to LAFCO pursuant to Government Code Section 56133 within 60 days of such a court determination. The City of San Bernardino shall provide written consent to this condition within five (5) working days of the approval of this resolution."

4.    Adopt LAFCO Resolution #2942, to be prepared by LAFCO staff, setting forth the Commission's terms, conditions, findings, and determinations for approval.

**BACKGROUND:**

LAFCOs 3050 and 3053 were submitted by the City of San Bernardino on March 23, 2006, in order to address the annexation of territory included within the Arrowhead Springs Specific Plan not currently a part of the City. The map below shows the boundaries of the Specific Plan, as adopted by the City, and its relationship to the City's existing boundary and sphere of influence:



The purpose of LAFCOs 3050/3053 is relatively simple philosophically -- to consolidate the land holdings of American Development Group/Campus Crusade for Christ within a single land use and service jurisdiction, the City of San Bernardino. However, once the applications were submitted, the technical factors for consideration of any annexation, including but not limited to, service providers for the area for the future development and Commission and State policies and directives, had to be reviewed. These elements make this a complex set of applications to consider.

In order to accomplish the consolidation of land ownership, the City was required to submit two separate applications – one for a minor sphere of influence expansion and one for a reorganization to annex the two separate areas, north and east of existing City limits. The specific proposals are identified as follows:

**LAFCO 3053** – Sphere of Influence Review (Expansion) for the City of San Bernardino. This is a 3.9 +/- acre area along the northern border of the City of San Bernardino sphere of influence generally located northeast of Highway 18 and west of Old Waterman Canyon Road. This proposal was required so that the entirety of the Arrowhead Springs Specific Plan would become a part of the City upon annexation.

**LAFCO 3050** – Reorganization to Include City of San Bernardino Annexation No. 360. This proposal involves two separate areas of annexation totaling approximately 1,572 +/- acres within the City of San Bernardino's northern sphere of influence. The two areas are identified as follows:

**Area 1** – encompasses approximately 1,296 +/- acres generally located north of the City of San Bernardino boundaries, east of Highway 18. The annexation area includes the historic Arrowhead Springs Hotel and grounds. The area is generally bordered by the City of San Bernardino limits on the west and parcel lines on the north, east and south.

**Area 2** – encompasses approximately 276 +/- acres generally located east and west of Highway 18 in the Old Waterman Canyon area. This annexation area is generally bordered by the City of San Bernardino limits on the south and parcel lines on the west, north, and east.

Following submission of the applications, and in consultation with City staff, LAFCO staff expanded LAFCO 3050 to include the two areas which would have become totally-surrounded islands of unincorporated territory. First, within Area #1, Assessor Parcel Number (APN) 0270-111-01 along the southern boundary which is privately owned, and second, within Area #2, APN 0270-011-01 owned by the Puritas Water Company, along the eastern edge of the annexation area. Location and vicinity maps and the City's applications are included as Attachments #1 and #2 respectively to this report.

Case 2:24-cv-09720-JGB-DTB    Document 83-2    Filed 01/10/25    Page 6 of 24    Page
ID #:1039

AGENDA ITEMS #5A & #5B –
CITY OF SAN BERNARDINO ANNEXATION NO. 360
ARROWHEAD SPRINGS SPECIFIC PLAN AREA
OCTOBER 10, 2006

In addition, at the September 20th hearing, in discussion of the status of the City of San Bernardino applications, Commissioner Hansberger questioned the exclusion of the Highway 18 right-of-way along the western boundary of the southern portion of Area #2 (territory within Section 3). LAFCO staff has reviewed this area and concurs that it should be included in the sphere and reorganization so that fire protection/paramedic and law enforcement responses are coordinated for the full length of State Highway 18 in the annexation area. Therefore, as a part of the staff's recommendation to the Commission, it is proposed that the sphere of influence and reorganization be expanded to include this area. The expansion areas are outlined in red on the map below.



To provide a better understanding of the applications before the Commission, a brief history of the Commission's involvement with the Arrowhead Springs area is appropriate. During the original sphere of influence discussions by LAFCO for the City of San Bernardino during the early 1970s, the area of the historic Arrowhead Springs Hotel was included in the City's sphere. The primary basis for this determination was that there was no more significant historic landmark for the City than the Arrowhead Springs Hotel.

In 1995-96, the Commission considered a request from the City of San Bernardino and Campus Crusade for Christ to expand the City's sphere of influence to include the balance of their land holdings. The rationale for this request was that Campus Crusade for Christ had purchased the historic Arrowhead Springs Hotel, associated buildings and surrounding lands and had used these facilities as their corporate headquarters and wished them to ultimately be a part of a single service jurisdiction. The Commission reviewed this application (LAFCO 2813) and

Case 2:24-cv-09720-JGB-DTB    Document 83-2    Filed 01/10/25    Page 7 of 24    Page
ID #:1040

AGENDA ITEMS #5A & #5B –
CITY OF SAN BERNARDINO ANNEXATION NO. 360
ARROWHEAD SPRINGS SPECIFIC PLAN AREA
OCTOBER 10, 2006

determined that the sphere of influence expansion was appropriate but indicated as a condition of its approval that it would not entertain any annexation application within the area without the completion of a General Plan, pre-zoning and environmental review process for the area.

Upon the determination to relocate the Campus Crusade for Christ headquarters to Orlando, Florida, it was determined that a new use for the site should be pursued.  During the ensuing years, Campus Crusade for Christ has partnered with American Development Group to pursue development/redevelopment of the site.  For the last 10 years, discussions with the City and landowners have been conducted, which culminated in the adoption of the Arrowhead Springs Specific Plan and related environmental documents on November 1, 2005.  City Council action included the direction to City staff to submit the applications as soon as possible.  Thereafter, the City submitted its set of applications for consideration and LAFCO staff has processed them through the various levels of review – environmental review, property tax transfer process and the evaluation of service delivery components associated with the development anticipated.

Following submission of the application, two significant circumstances arose which have further complicated the processing of this application:

- First, following adoption of the City's Specific Plan and related Environmental Impact Report (EIR); litigation was filed by the Center for Biological Diversity on CEQA grounds to challenge that approval.  Early in the LAFCO review process, the Commission considered the City's request to override its environmental litigation policy which would have required the Commission's consideration to await completion of the litigation.  At the April 18, 2006 hearing, the Commission determined to override its policy indicating that it would consider the application without awaiting a court decision.

  The lawsuit filed by the Center for Biological Diversity in San Bernardino Superior Court challenging the environmental determination by the City for the Arrowhead Springs Specific Plan was heard on September 6, 2006, by Judge John Wade.  A letter from Mr. John Nolan, attorney for the City of San Bernardino and American General Group, dated October 4, 2006 (included as Attachment #3), indicates that Judge Wade's September 6th decision "did not find the program EIR to be faulty", but requested that the City provide additional information in the record to support its contention to reject the wetlands alternative and accepting the project with a golf course.  The City has moved forward to clarify the record as to the documentation to support the requirement of the golf course development to provide for the project's economic viability.

  On October 2, 2006, the City of San Bernardino took action to provide in the administrative record the materials to support its findings related to the golf

Case 2:24-cv-09720-JGB-DTB    Document 83-2    Filed 01/10/25    Page 8 of 24    Page
ID #:1041

AGENDA ITEMS #5A & #5B –
CITY OF SAN BERNARDINO ANNEXATION NO. 360
ARROWHEAD SPRINGS SPECIFIC PLAN AREA
OCTOBER 10, 2006

course alternative as cited by Judge Wade.  A copy of the amended Statement
of Overriding Considerations is included as a part of the City's response in
Attachment #4.  The City and its attorneys believe that they have responded to
the concerns and that the action taken will close this particular chapter for the
project.  However, appeals of this decision can be made and there is no
speculation as to whether or not that will be the course taken by the Center for
Biological Diversity.

However, based upon the possibility that the action could be still be legally
challenged and overturned, LAFCO staff will still recommend the inclusion of a
condition of approval that will address the continuing service obligations.  The
staff's recommended language reads as follows:

> "In the event that a court of competent jurisdiction invalidates the
> annexation of any of the properties within this reorganization for any
> reason, the City of San Bernardino shall enter into an out-of-agency
> service agreement with the County of San Bernardino for the provision
> of all services in that area that the City proposes to take over in the
> change of jurisdiction process, and present the same to LAFCO
> pursuant to Government Code Section 56133 within 60 days of such a
> court determination.  The City of San Bernardino shall provide written
> consent to this condition within five (5) working days of the approval of
> this resolution."

- Second, at the April 2006 hearing, the Commission outlined its direction to
  LAFCO staff and the City to implement its directives to initiate annexation of its
  totally- or substantially-surrounded islands when discussing development-
  related annexations.  As a consequence of that discussion, the City indicated it
  would move forward with submitting applications for its thirteen (13) island
  annexations which fulfilled its accepted position on substantially-surrounded
  equaling 75%.  The City noted, however, that the constraints of the sunset
  clause of those provisions (completion by January 1, 2007) did create major
  obstacles to fulfilling that requirement.

In July 2006, the City of San Bernardino submitted an application for
annexation of six (6) islands (LAFCO 3067).  The initiation resolution indicated
that it was the City's position that the costs for serving all the islands
previously identified for annexation were much higher than the revenues
received so the City could not afford to pursue them all at one time.  The City
then proposed a schedule of annexation, as shown in its resolution included as
Attachment #4, to fulfill its commitment to the Commission to address the
island issues while also addressing the financial constraints.

At the September 20th Commission hearing on the status of the Arrowhead
Springs Specific Plan applications and the islands, the Commission requested
that the City provide identification of the areas it wishes to include in the

AGENDA ITEMS #5A & #5B –
CITY OF SAN BERNARDINO ANNEXATION NO. 360
ARROWHEAD SPRINGS SPECIFIC PLAN AREA
OCTOBER 10, 2006

schedule for future island annexations in map form as well as provide a Fiscal Impact Analysis that supported its contention that it could not afford to address the areas in their entirety at one time.

At the September 25th City Council meeting, the City adopted a plan identifying that it will initiate annexation of what it has identified as Islands #1 and #6 consisting of 192 acres and an approximate population of 809 by January 31, 2007, and Islands #2, #7, and #8 consisting of 180 acres and an approximate population of 619 by January 31, 2008. A copy of the City staff report, resolution and map are included as a part of Attachment #4 to this report and the map below identifies the areas proposed to be processed as island annexations.



The City has provided its response to questions of LAFCO staff in a letter from the City Manager dated October 5, 2006 (copy included as Attachment #4). Included in this response is a spreadsheet (amended on October 9, 2006) outlining the City's calculation of costs associated with service delivery to the identified islands, as required by the Commission. This spreadsheet shows a deficit of $101,650 during FY 2007-08 for the annexed areas identified as Del Rosa Island (LAFCO 3049), the six islands in LAFCO 3067 and Islands #1 and 6 committed to processing for FY 2007-08 and a deficit of $260,658 in FY 2008-09 for the previously identified islands and the three new islands identified for processing as #2, #7, and #8.

AGENDA ITEMS #5A & #5B –
CITY OF SAN BERNARDINO ANNEXATION NO. 360
ARROWHEAD SPRINGS SPECIFIC PLAN AREA
OCTOBER 10, 2006

However, staff's review of this information shows discrepancies in the property tax revenues to be received by the City for the previously approved Del Rosa Island Annexation (LAFCO 3049) and LAFCO 3067 currently being processed. In addition, the calculation does not appear to take into account the revenues to be received from LAFCO 3050 during the period of time that the development plans are being processed and efforts undertaken to prepare for development. The Arrowhead Springs properties outside the City are currently valued at $3,648,455, due to its ownership by Campus Crusade for Christ, a non-profit institution, which will transfer to the City of San Bernardino $5,997 tax dollars per year. There are also lands within the Arrowhead Springs Specific Plan within the City which are valued at the non-profit status because of ownership by Campus Crusade for Christ. However, once the development entitlements for the Specific Plan are secured through annexation, staff has been informed that the properties will be sold to others for actual development. As the Commission is well aware, this sale will affect the assessable value of the property, thereby affecting the revenues to be received by the City through property taxes, but will change little the service delivery costs until actual development occurs.

Therefore, staff has taken the City's information for the costs of providing service to the islands, included an estimated cost for providing service to Arrowhead Springs and the prior costs attributed to the Del Rosa Island, adjusted its property tax receipts from the areas of 3049 and 3067, and included an estimate of property tax revenues from Arrowhead Springs. Staff's calculation assumes that the sales price of the project would be $100,000,000 (existing facilities and land) for ease in calculations (the Fiscal Impact Analysis estimates that the project would be valued at $772,000,000 at full build-out). The chart below identifies the costs shown by the City for servicing the islands for two fiscal years. Staff has attempted to include an estimate of the costs to serve the Arrowhead Springs area based upon a simple division of the City's calculation by number of areas. However, the current service requirements are minimal, resulting from fire protection/paramedic currently provided by the City in a mutual aid/automatic aid arrangement, and law enforcement due to the low number of inhabitants in the area.

| Fiscal Year | Area | Safety costs | Code Enforcement Costs | Public Services | Animal Control | TOTAL COSTS BY FISCAL YEAR |
|---|---|---|---|---|---|---|
| 2007-08 | Del Rosa (3049) Six Islands (3067) New areas #1 & #6 | $312,400 | $0 | $50,000 | $60,000 | $422,400 |
| | Recurring Del Rosa | | $112,400 | | | $112,400 |
| | Arrowhead Springs Area | $34,711 | 0 | $5,555 | $6,667 | $46,933 |
| TOTAL FOR FISCAL YEAR | | | | | | **$581,733** |
| | | | | | | |

AGENDA ITEMS #5A & #5B –
CITY OF SAN BERNARDINO ANNEXATION NO. 360
ARROWHEAD SPRINGS SPECIFIC PLAN AREA
OCTOBER 10, 2006

| Fiscal Year | Area | Safety costs | Code Enforcement Costs | Public Services | Animal Control | TOTAL COSTS BY FISCAL YEAR |
|---|---|---|---|---|---|---|
| 2008-09 | New Islands #2, #7, and #8 plus Del Rosa (3049) Six Islands (3067) New areas #1 & #6 | $572,800 | $60,000 | $35,000 | $60,000 | $727,800 |
| | Recurring Del Rosa | | $112,400 | | | $112,400 |
| | Arrowhead Springs | $47,733 | $0 | $2,917 | $5,000 | $55,650 |
| **TOTAL FOR FISCAL YEAR** | | | | | | **$895,850** |

The following chart identifies the revenues shown by the City on its submission, the update by staff to include the revenues of the Del Rosa Island (LAFCO 3049) taken from the information filed on that proposal, and an estimate of revenues based upon the Arrowhead Springs sales. For the second Fiscal Year shown below, staff has increased property tax revenues by the two percent (2%) allowed by law but made no other changes as the revenues provided by the City did not include information on how they were calculated.

| Area | Property Tax Revenues | Reduction in County Fire Contract for Serving Islands | VLF Revenues | CSA 38 Zone L Special Tax | VLF Revenues under AB 1602 | Total Revenue by Area | Revenues by Fiscal Year |
|---|---|---|---|---|---|---|---|
| **FISCAL YEAR 2007-08** | | | | | | | |
| Arrowhead Springs | $164,369 | $0 | $16,436 | $0 | $0 | $180,805 | |
| Del Rosa Island | $76,775 | | $7,677 | $9,100 | $123,800 | $217,352 | |
| Six Islands (3067) | $81,784 | ($55,400) | $8,178 | $8,100 | $50,755 | $93,417 | |
| Island #1 Proposed | $47,500 | ($32,000) | $4,400 | $7,300 | $44,000 | $71,200 | |
| Proposed Island #6 | $66,000 | ($44,800) | $6,900 | $8,100 | $69,000 | $105,200 | $667,974 |
| **FISCAL YEAR 2008-09** | | | | | | | |
| Arrowhead Springs | $167,656 | $0 | $16,766 | | | $184,422 | |
| Del Rosa Island | $78,311 | | $7,831 | $9,100 | $123,800 | $219,042 | |
| Six Islands (3067) | $83,420 | | $8,342 | $8,100 | $50,755 | $150,617 | |
| Islands #1 and #6 | $115,770 | | $11,577 | $15,400 | $113,000 | $255,747 | |
| Island #2 | $31,500 | ($21,300) | $3,300 | $3,000 | $33,000 | $49,500 | |
| Island #7 | $38,000 | ($25,800) | $3,500 | $4,600 | $35,000 | $55,300 | |
| Island #8 | $30,500 | ($20,508) | $2,500 | $3,100 | $25,000 | $40,592 | $955,220 |

Based upon these estimated calculations, it shows a positive revenue stream of
$86,241 in Fiscal Year 2007-08 and $59,370 in Fiscal Year 2008-09.

While staff concurs with the City's contention that the annexation of older areas,
where development potential is limited and the infrastructure is aging, can be a
financial burden to a City, coupling those annexations with areas where the
revenues will exceed costs to balance the City's obligations remains, in the staff's
view, the best course to address the situation. These islands are already a service
burden to the City since it currently provides service for fire protection/
paramedics without benefit of the growth in assessed valuation for simply a flat
contractual amount; it provides police response in emergency situations without
repayment; and it must deal with the County on issues of road improvements
since the roads flow in and out of its jurisdiction. This position is further borne
out by the Fiscal Impact Analysis provided as a part of the City's application. This
document indicates, on Table 3-1, page 12 that at build-out a surplus of
$2,800,731 will be provided to the City based upon total annual recurring
revenues and total annual recurring costs. Therefore, staff support remains for
the coupling of these projects.

The following provides the information to address the individual proposals for
Commission consideration and the factors and determinations necessary, taken in
the order required for consideration.

## LAFCO 3053

As noted above, staff has proposed the expansion of LAFCO 3053 to include the
territory of Highway 18 within Section 3 not currently a part of the proposal. The
following provides the staff responses to the "factors of consideration" the
Commission is required to review, consider and make determinations upon as
outlined in Government Code Section 56425:

### THE PRESENT AND PLANNED LAND USES IN THE AREA:

The existing land uses within the area assigned by the County General Plan are
Resource Conservation (one unit to forty acres) for the 3.9 acres parcel and no
specific land use designation for the portion of State Highway 18 included in the
consideration by LAFCO staff. The Arrowhead Springs Specific Plan identifies a
land use designation of Open Space/Residential for the sphere of influence
territory and does not provide a land use designation for the State Highway 18
right-of-way. However, both the County General Plan and the Arrowhead Springs
Specific Plan show the right-of-way as a State Highway.

**THE PRESENT AND PROBABLE NEED FOR PUBLIC FACILITIES AND SERVICES IN THE AREA:**

Currently, the service needs within the 3.9 +/- acre sphere expansion area are minimal due to its vacant nature.  The area of Highway 18 proposed to be included in the sphere of influence does require the provision of law enforcement and paramedic services as this is the major route into the mountaintop communities of Crestline and Lake Arrowhead.  Currently law enforcement is provided by a combination of the California Highway Patrol and the County Sheriff, while fire protection/paramedic service is already provided by the City of San Bernardino through contract with the County of San Bernardino/County Service Area 38.

**THE PRESENT CAPACITY OF PUBLIC FACILITIES AND ADEQUACY OF PUBLIC SERVICES THAT THE AGENCY PROVIDES:**

Current service provision is adequate through the County of San Bernardino and its county service areas and improvement zones.  The transition of service to the City will solidify the responsibility of the existing provider of structural fire protection/paramedic service, the City of San Bernardino Fire Department and will transition the service responsibility for law enforcement to City police.

**THE EXISTENCE OF ANY SOCIAL OR ECONOMIC COMMUNITIES OF INTEREST:**

The social or economic community of interest for this area is established as a part of the Arrowhead Springs Specific Plan.  Expansion of the sphere of influence of the City of San Bernardino to include the land holdings of the owner of the Specific Plan area and to accommodate the service delivery to the entirety of Highway 18 from the existing City limits to the end of the Specific Plan area prompts recognition of this community of interest.

Therefore, staff supports the sphere of influence expansion for the City of San Bernardino, as amended by staff, to include the land holdings of Campus Crusade for Christ within the Arrowhead Springs Specific Plan in the City sphere of influence.

## LAFCO 3050

The following provides staff's responses to the issues which the Commission must consider for all annexation proposals – boundaries, land uses, financial considerations and service effects.

**BOUNDARIES:**

As outlined above, much discussion and consideration of the boundaries of the development anticipated for the Arrowhead Springs area have taken place over the years.  With the amendment to the boundary proposed by staff to include:

- the entirety of State Highway 18 within the application; and,

- the expansion of the proposal to include the two areas which would have become totally surrounded islands,

the reorganization area includes the entirety of the land holdings of the Campus Crusade for Christ/American Development Group associated with the Arrowhead Springs Specific Plan.

The surrounding land uses include:  existing residential development and public facilities to the south within the City of San Bernardino, to the west are vacant lands within the San Bernardino National Forest, to the north are residential developments along Old Waterman Canyon road and to the east are residential developments along Old Waterman Canyon Road and open space lands which are a part of the San Bernardino National Forest.

No further boundary issues have been presented.  The staff supports the boundaries as presented since the proposal excludes lands designated for open space which are not a part of the group's land holdings; it includes the entirety of the project area anticipated to develop in the near term within the City of San Bernardino through adoption of the Arrowhead Springs Specific Plan; and it eliminates the creation of islands of unincorporated territory designated for development in the future.

**LAND USE:**

Existing land uses within the area of annexation include the historic Arrowhead Springs hotel which has existed since the 1930s and its ancillary buildings, and facilities for use of the existing Mutual Water Companies and Arrowhead Puritas Company.  The existing County land use designations for the site include Resource Conservation (RC), which will allow one unit per forty acres but supports open space uses, and Single-Family Residential (RS-1 and RL-3).  The areas are included in two hazard overlay areas of the County General Plan – wildfire and seismic activity.

Through the adoption of the Arrowhead Springs Specific Plan, the City has outlined the ultimate land uses within the area, including territory currently a part of the City and those areas to be annexed.  A complete copy of the Specific Plan

AGENDA ITEMS #5A & #5B –
CITY OF SAN BERNARDINO ANNEXATION NO. 360
ARROWHEAD SPRINGS SPECIFIC PLAN AREA
OCTOBER 10, 2006

was mailed to Commission members on September 28, 2006. However, this
document also outlines that future land use decisions must still be made for the
specific tract developments to accommodate the land use plan and the
development of the golf course, and multiple permits are required from various
Federal, State and County authorities for this project to move forward. The land
use designations include:

> Residential – Residential Low, Residential Medium – Detached Village,
> Residential Medium Attached Village (Hilltown and Village Walk), and
> Residential Medium Senior
> Commercial – Commercial Regional – Village Walk, Commercial General –
> Hotel/Spa for the existing Arrowhead Springs Hotel, Commercial
> Regional-Hotel (CR-2) new hotel, Commercial General (CG1 and CG1-
> Windy Point), Commercial Office, Public Commercial – Golf course
> Open Space/Watershed
> Metropolitan Water District area.

The Arrowhead Springs Specific Plan anticipates a total of 1,350 residential
dwelling units, 600 hotel rooms, a golf course and 1,044,646 gross square feet of
commercial space. The City's Specific Plan land use designations are the pre-
zoning for the site as required by Government Code Section 56375. Once
annexed, pursuant to the provisions of Government Code Section 56735 (e), no
change can be made to the General Plan or Specific Plan that is not in
conformance with the pre-zoning determinations for a period of two (2) years. The
law allows for a change if the City Council makes the finding, at a public hearing,
that a substantial change has occurred in circumstances that necessitate a
departure from the pre-zoning outlined in the application made to the
Commission.

It is the staff's position that the land uses identified in the City's Arrowhead
Springs Specific Plan require a broad range of municipal services which can be
most effectively and efficiently provided by the City of San Bernardino.

**FINANCIAL EFFECTS AND SERVICE CONSIDERATIONS:**

In every consideration for jurisdictional change, the Commission is required to
review the existing and proposed service providers within an area. Due to the
primarily vacant nature of LAFCO 3050, government service requirements are
currently minimal, generally encompassing law enforcement and fire protection.
The current service providers include the California Highway Patrol for law
enforcement services along the existing roadways (State Highway 18 and Old
Waterman Canyon Road), the County of San Bernardino and its Flood Control
District, County Service Area 38 (structural fire protection) and County Service
Area 70 (multi-function agency). Due to the location of the reorganization area,
currently the first responder to the area for fire protection/paramedic services is

the City of San Bernardino Fire Department due to the absence of a County fire
station in close proximity to the site.

As outlined above, the Arrowhead Springs Specific Plan anticipates and requires
the full range of municipal-level urban services to the site.  The City of San
Bernardino has provided a "Plan for Service" for this proposal as required by law
which includes a Fiscal Impact Analysis.  As a part of the Specific Plan review a
Water Supply Assessment and a Domestic Water, Irrigation Water, Waterwater and
Recycle Water Facility Plan were prepared to address delivery of services to the
overall development.  All of these documents were a part of the City of San
Bernardino City Council review of the Arrowhead Springs Specific Plan.  A copy of
the Plan for Service and its updates is included as part of Attachment #2.

In addition, during the processing of these applications, LAFCO staff requested
additional information from the City, which included augmented responses on
water and sewer service delivery (copies of these responses are included in
Attachment #4).  On balance, these reports show that the services to be provided
by the City and others are adequate for the development anticipated and outline
that the anticipated revenues and expenditures associated with this service
delivery are sufficient to provide for the service and its ongoing maintenance and
operation.  The following identifies the staff's areas of concern and/or question in
regard to the service plan presented by the City of San Bernardino and the project
proponent, Campus Crusade for Christ/American Development Group.

1.  Water service needs for this project are anticipated to be provided by the
    existing mutual water companies within the area.  The domestic water
    service is to be provided by the Del Rosa Mutual Water Company, a
    company which has existed since 1922.  The management of this Company
    is identified by the Secretary of State Office in the following manner – the
    address for delivery of notices is listed as the Office of General Counsel in
    Orlando, Florida, which is the corporate headquarters of Campus Crusade
    for Christ, with a service delivery address on Arrowhead Springs Road in
    San Bernardino.

    The Water Supply Assessment provided as a part of the application indicates
    that there is sufficient water to serve the anticipated development.  However,
    during the processing of this application, staff has questioned the service
    choice of utilizing the Del Rosa Mutual Water Company, an entity whose
    only currently known water customer is the Arrowhead Springs Hotel, as the
    provider of domestic water to 1,350 dwelling units, two major hotels, and
    significant commercial/office space over that of the City of San Bernardino
    Municipal Water Department.  Numerous requests for supplemental
    information and responses have been taken place between LAFCO staff and
    representatives of the City of San Bernardino.  The City Manager and the
    City Municipal Water Department have indicated their support for the use of

the Del Rosa Mutual Water Company for the provision of this service as most recently outlined in their letters of October 5, 2006 and October 4, 2006 respectively.

These discussions have not dispelled staff's concern that for the future inhabitants of this area, a shareholder-owned mutual water company providing this service, when a public body is available, is not the best choice for service delivery. However, the City of San Bernardino Municipal Water Department would be the expert to evaluate these service plans and it has indicated its support for the mutual water company option.

The remaining staff concerns are:

a. The letter from Mr. Fred Wilson, City Manager, indicates that the application to "revise" the boundaries and shares of the mutual water companies has not, as yet, been filed with the California Department of Corporations. The Department of Corporations is the agency responsible for determining the number of shares a mutual water company may offer, as they are defined as a stockholder owned utility. If the application by Campus Crusade for Christ/American Development Group to the Department of Corporations is not approved, the Plan for Service upon which this reorganization is decided will be flawed.

b. Page 4, paragraph 3c, indicates that "American Development anticipates requesting that the Corporations Commission authorize two shares for each equivalent drinking unit in the event any adjustment is required in the project in the future." There is no identification as to what this number is proposed to be. However, under Item 3b, it is noted that the Del Rosa Mutual Water Company had 5,850 shares when it originally incorporated in 1922, but there are currently 4,310 shares outstanding with ownership divided between Campus Crusade for Christ (3,729 shares) and the City of San Bernardino Municipal Water Department (581 shares). Without an identification of the total number of shares anticipated and an outline of the method for transitioning as development occurs, staff concerns remain.

Therefore, in the staff view, since it is not clear what the ultimate number of shares will be or their anticipated ownership, nor when the application will be presented to the Department of Corporations for consideration, and, therefore, consideration of LAFCO 3050 should be continued. This position is taken on the basis that without this information on one of the primary service responsibilities to support the development, the staff is hesitant to recommend approval at this time. Once the record is clear on how this

service mechanism will be utilized, staff would support approval of the reorganization.

2. Irrigation water is proposed to be provided by the West Twin Creek Water Company, a mutual water company originally incorporated in 1891. As noted in the October 5th letter from the City Manager, this company has 720 shares and "during recent years all of the stock has gone back to the company". However, the following paragraph indicates that 443 shares are owned by Campus Crusade for Christ with the company holding the balance. Again, the City of San Bernardino Municipal Water Department supports the use of the West Twin Creek Water Company as one of the sources of irrigation water and the delivery system for irrigation water from water sources including wells. However, as noted above, staff concern remains that until the application is reviewed and approved by the Department of Corporations, the Plan for Service mechanism for providing this service is not assured. Therefore, staff would propose to continue this consideration to the November 15th Commission hearing.

3. Sewage collection services are currently provided to the Arrowhead Springs Hotel facility by the package treatment operated by the Del Rosa Mutual Water Company. The Plan anticipates that this responsibility will be expanded under the provisions of the Water Company to include the operation of the collection and conveyance system, the operation of the package treatment plant to provide tertiary treatment and the reconveyance of recycled water for use on the golf course and other agricultural operations within the community. The Plan's definition indicates that this would be a "no change in this service" through the reorganization process.

Staff has expressed its concern to City staff on several occasions as to the choice of utilizing the Del Rosa Mutual Water Company as the entity to provide this service. LAFCO staff knows of no mutual water company within our County that provides this level of service, while there are a number of package treatment plants for mobilehome parks, large commercial developments in the desert, and a large commercial complex in the West Valley where a sewering entity is not available. In addition, there is no description within the materials submitted which provides an explanation of the mechanics for operating this system, such as how this will be operated against the shareholder requirements of the Company. For instance, are there shares assigned to the capacity of the treatment plant? Again, the City of San Bernardino Municipal Water Department has indicated their support for this option.

Again, staff would recommend a continuance so that more specific information regarding the mechanics of this operation can be provided to LAFCO staff and made a part of the record.

4. Fire protection services are currently the responsibility of County Service Area 38 (CSA 38) for structural fire protection and the California Department of Forestry and Fire Protection (State DFFP) for wildland fire protection. Upon annexation, structural and wildland fire protection responsibilities will be transferred to the City of San Bernardino Fire Department.

The area of LAFCO 3050 is currently designated as State Responsibility Area (SRA) lands by the State DFFP. This designation is removed upon annexation of territory by a City and the financial burden for this protection, where reciprocity is not available, becomes a responsibility of the City. Typically, these relate to services for bulldozers, aircraft, and specialized hand crews, etc. The State DFFP offers a program where cities can avail themselves of this service on a per-acre contract basis. The City's Plan for Service makes no reference to this arrangement; however, the City's response to the prior discussion indicates that it is amenable to such an arrangement. Based upon the high fire hazard in the area, staff would like to receive a more definitive response on this service.

As required by Commission policy and State law, the Plan for Service submitted by the City of San Bernardino shows that the extension of its services and those of the related service providers anticipated for the area will maintain, and/or exceed, current service levels provided through the County. However, staff's concerns regarding the application to the Department of Corporations for the Del Rosa Mutual Water Company and West Twin Creek Water Company and their effect on service delivery require a recommendation that the Commission indicate its intent to approve the proposed reorganization but continue the matter to the November 15th hearing for the receipt of additional information.

## ENVIRONMENTAL CONSIDERATIONS:

The City's processing of the General Plan Update and the Arrowhead Specific Plan has included the adoption of the project's environmental documents. LAFCO's Environmental Consultant, Tom Dodson and Associates has reviewed these documents and indicated that they are adequate for the Commission's use as a responsible agency for both LAFCO 3050 and LAFCO 3053. A copy of the environmental documents, including, but not limited to, the Final EIR, Mitigation Monitoring Plan, and Statement of Overriding Considerations were forwarded to Commission members on September 22, 2006. Mr. Dodson has indicated in his letter to the Commission the actions that are appropriate for the review of LAFCOs

3050/3053. A copy of Mr. Dodson's analysis is included as Attachment #5 to this report. The actions are:

- Certify that the Commission, its staff, and its Environmental Consultant have individually reviewed and considered the EIR and related actions taken by the City of San Bernardino.

- Determine that the Final EIR is adequate for the Commission's use in making its decision related to LAFCO 3050/3053.

- Determine that the Commission does not intend to adopt alternatives or mitigations measures for the project. Mitigation measures required for the project are the responsibility of the City and others, not the Commission.

- Determine to make the finding that the addition of the acreage included within the Highway 18 right-of-way added to the project does not modify the conclusions in the environmental documentation submitted nor provide for additional adverse environmental effects resulting from the addition that would result in requiring further environmental evaluation.

- Adopt the Candidate Findings of Fact and Statement of Overriding Considerations as presented by Mr. Dodson. A copy of this Statement is included as a part of Attachment #5 to this report.

- Direct the Clerk to file the Notice of Determination within five days and find that no further Department of Fish and Game filing fees are required by the Commission's approval since the City, as lead agency, has paid said fees.

As noted above, the environmental litigation filed by the Center for Biological Diversity was heard before Judge John Wade of the San Bernardino Superior Court. A transcript of this proceeding has been provided to the Commission as a part of Attachment #3. However, further legal challenge may occur through the appeal process, so staff has recommended that the Commission include a condition of approval on the continuation of service should the reorganization proposal, LAFCO 3050, be approved.

## CONCLUSION:

The Commission, its staff and consultants have reviewed mountains of paperwork for this project, as has the City of San Bernardino staff. In compliance with the directives of State law and Commission policies, the sphere of influence amendment and reorganization should be approved in order to provide the full range of municipal-level urban services to this project through the most efficient and effective service entity, the City of San Bernardino. None of staff's concerns outlined in this report change that position.

AGENDA ITEMS #5A & #5B –
CITY OF SAN BERNARDINO ANNEXATION NO. 360
ARROWHEAD SPRINGS SPECIFIC PLAN AREA
OCTOBER 10, 2006

However, in the staff view, the information to address the concerns and questions related to the use of the mutual water companies for water and wastewater services should be on file with the Commission before an official action for approval is taken.  Therefore, staff has recommended the approval of LAFCO 3053 – sphere amendment, and deferral of LAFCO 3050, with the articulation of a position of support for the project, to the November 15th hearing.

## FINDINGS:

The following findings are required to be provided by Commission policy and Government Code Section 56668 for all proposals considered:

1.    The Registrar of Voters Office has determined that the study area is legally uninhabited, containing 0 registered voters as of April 4, 2006.

2.    The study area is within the sphere of influence, as amended by LAFCO 3053, of the City of San Bernardino.

3.    The County Assessor's Office has determined that the assessed valuation of land and improvements for the area as modified is $3,648,455 ($1,151,258 land; $2,497,197 improvements).

4.    Legal advertisement of the Commission's consideration has been provided through publication in *The Sun*, a newspaper of general circulation within the study area.  Individual notice has been provided to affected and interested agencies, County departments, and those individual and agencies having requested such notification.

5.    LAFCO staff has provided individual notices to landowners (totaling 9 notices) within the reorganization area and to landowners and registered voters surrounding the study area (totaling 326 notices) in accordance with State law and adopted Commission policies.  To date, opposition has been received from representatives of the Center for Biological Diversity by written correspondence.

6.    The City of San Bernardino has processed land use approval for the area through adoption of the Arrowhead Springs Specific Plan which has pre-zoned the territory.  The land use identifications are outlined within the body of the report.  Pursuant to the provisions of Government Code Section 56375(e), these zoning designations shall remain in effect for two years following reorganization unless specific actions are taken by the City Council at a public hearing.

AGENDA ITEMS #5A & #5B –
CITY OF SAN BERNARDINO ANNEXATION NO. 360
ARROWHEAD SPRINGS SPECIFIC PLAN AREA
OCTOBER 10, 2006

7. As a CEQA responsible agency, the Commission's Environmental Consultant, Tom Dodson of Tom Dodson and Associates, has reviewed the City's environmental documents for the reorganization proposal and has indicated that it is adequate for the Commission's use, as more fully described in the narrative portion of this report. Copies of the City's environmental documents were provided to Commission members by mail on September 22, 2006. Mr. Dodson has prepared his recommended actions on the proposals LAFCO 3050 and LAFCO 3053, and they are outlined in the narrative portion of the report. Attachment #5 provides the Candidate Findings of Fact and Statement of Overriding Considerations prepared for the Commission's use in addressing this project.

8. Upon reorganization, the City of San Bernardino will extend its services as required by the progression of development. The Fiscal Impact Analysis portion of the Plan for Service provides a general outline of the anticipated revenues/costs for the reorganization area and Specific Plan as a whole. The Plan indicates that revenues are anticipated to be sufficient to provide the level of services identified through the City and other agencies. Through the identified financing mechanisms, the Plan shows that the level of service will be adequate for the development anticipated and that the revenues anticipated are sufficient to provide for the infrastructure and ongoing maintenance and operation of these services.

Water and sewer service is anticipated to be provided to the area through the Del Rosa Mutual Water Company and irrigation water is anticipated to be provided by the West Twin Creek Water Company, both mutual water companies under the jurisdiction of the California Department of Corporations. The Plan for Service identifies that these Companies will be managed by the Arrowhead Water and Power Company LLC, by contract, approved by the Board of Directors elected by the shareholders. At present, the expansion of the shareholder base for these service providers has not been submitted to the Department of Corporations for its review and consideration. Absent this information, the Plan for Service does not show, in the staff view, that the level of service will be adequate to provide the required service for the development anticipated and that the revenues anticipated for this entity are sufficient to provide for the infrastructure and ongoing maintenance and operation of these services.

In addition, it is noted that the Arrowhead Water and Power Company LLC will operate the necessary Homeowners Association and/or private service requirements for private roads, landscape maintenance, detention basin management, etc. The City of San Bernardino has indicated that the formation documents and fiscal impact analysis for the delivery of these services will be refined during future considerations for the specific tract developments.

Case 2:24-cv-09720-JGB-DTB    Document 83-2    Filed 01/10/25    Page 23 of 24    Page ID #:1056

AGENDA ITEMS #5A & #5B –
CITY OF SAN BERNARDINO ANNEXATION NO. 360
ARROWHEAD SPRINGS SPECIFIC PLAN AREA
OCTOBER 10, 2006

9.     The litigation entitled Center for Biological Diversity vs. City of San
       Bernardino et al, Case No. SCVSS132463 was heard before Judge John
       Wade on September 6, 2006, and a determination rendered. However, if a
       future court action invalidates the reorganization to include annexations,
       requiring further environmental determinations, the City of San Bernardino
       and the County of San Bernardino will, within 60 days of the judicial
       determination, submit an out-of-agency service contract for the
       continuation of service by the City while further environmental processing is
       undertaken and completed, as outlined in the condition within the staff's
       recommendation.

10.    The areas in question are presently served by the following public agencies:

       County of San Bernardino
       Inland Empire Resource Conservation District
       San Bernardino Valley Municipal Water District (all of Area 1 and a portion
              of Area 2)
       Crestline-Lake Arrowhead Water Agency (a portion of Area 2)
       County Service Area 38 (structural fire protection)
       County Service Area 70 (County-wide multi-function agency)

       CSA 38 and CSA 70 will be detached through successful completion of this
       reorganization.  None of the other agencies will be directly affected by the
       completion of this proposal through an adjustment in their boundaries as
       they are regional in nature.

11.    The reorganization proposal complies with Commission policies and
       directives and State law that indicate the preference for areas proposed for
       urban intensity development to be included within a multi-function agency
       for the provision of those services in the most efficient and effective service
       delivery system.

12.    All notices required by State law and local Commission policies have been
       provided.  Comments from landowners and any affected local agency have
       been reviewed and considered by the Commission in making its
       determinations.  To date, opposition to this annexation has been received
       and considered by the Commission in making its determination.

13.    The reorganization area can benefit from the availability of municipal-level
       services from the City of San Bernardino.

14.    This proposal will have an effect on the City of San Bernardino's ability to
       achieve its fair share of the regional housing needs as it proposes the
       addition of 1,350 residential units.

AGENDA ITEMS #5A & #5B –
CITY OF SAN BERNARDINO ANNEXATION NO. 360
ARROWHEAD SPRINGS SPECIFIC PLAN AREA
OCTOBER 10, 2006

15. The County of San Bernardino and the City of San Bernardino have
successfully negotiated a transfer of property tax revenues that will take
effect upon completion of this reorganization. This negotiated agreement
fulfills the requirements of Section 99 of the Revenue and Taxation Code.

16. The map and legal description, as revised, are in substantial compliance
with LAFCO and State standards through certification by the County
Surveyor's Office.

KRM

Attachments:

    1 --    Maps – Vicinity and Location
          a.    LAFCO 3053 – Sphere of Influence Expansion
          b.    LAFCO 3050 – Reorganization
    2 --    City of San Bernardino Applications and Related Documents:
          a.    LAFCO 3053 – Sphere of Influence Expansion
          b.    LAFCO 3050 -- Reorganization
    3 --    Letter from Mr. John Nolan, Attorney for the City and American
             General Group for Existing Environmental Litigation
    4 --    Letter Dated October 5, 2006 from Mr. Fred Wilson, City Manager,
             City of San Bernardino, Related to Response to Questions of
             Staff and Commission and Submission of Supplemental
             Information
    5 --    Letter from Tom Dodson and Associates and Candidate Findings of
             Fact and Statement of Overriding Considerations
    6 --    Draft Resolution No. 2941 for LAFCO 3053