**HUNTON ANDREWS KURTH LLP**
Brandon Marvisi (SBN 329798)
bmarvisi@HuntonAK.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: (213) 532-2000
Facsimile: (213) 532-2020

George P. Sibley, III (admitted *pro hac vice*)
Kevin S. Elliker (admitted *pro hac vice*)
951 East Byrd Street
Richmond, Virginia 2321
Telephone: (804) 788-8200
Facsimile: (804) 788-8218

Andrew J. Turner (admitted *pro hac vice*)
Todd S. Mikolop (admitted *pro hac vice*)
2200 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 955-1658
Facsimile: (202) 778-2201

Attorneys for Plaintiff
BLUETRITON BRANDS, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION – RIVERSIDE**

| | |
|---|---|
| BLUETRITON BRANDS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES FOREST SERVICE, *et al.*,<br><br>Defendants. | Case No. 2:24-cv-09720-JGB-DTB<br><br>**BLUETRITON BRANDS, INC.'S OPPOSITION TO MOTION TO CONSOLIDATE**<br><br>Hearing Date: February 10, 2025<br>Hearing Time: 9:00 AM<br>Courtroom: 1<br>Judge: Hon. Jesus G. Bernal<br>Action Filed: August 6, 2024 |

| | |
|---|---|
| SAVE OUR FORESTS ASSOCIATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES FOREST SERVICE, *et al.*, <br><br> Defendants. | Case No. 5:24-cv-01336-JGB-DTB <br><br> Action Filed: June 25, 2024 |

BlueTriton Brands, Inc. Plaintiff in No. 2:24-cv-09720-JGB-DTB, opposes the motion of Save Our Forests Association, Inc. (SOFA), Plaintiff in No. 5:24-cv-01336-JGB-DTB, to consolidate these cases into a single proceeding.

BlueTriton agrees that the cases are related, because they broadly involve the transport of water BlueTriton collects in Strawberry Canyon. But the similarity ends there. SOFA and BlueTriton each challenge different agency actions. SOFA principally challenges the U.S. Forest Service's (USFS) issuance of a special use permits to BlueTriton in 2018, 2022, and 2023. BlueTriton challenges USFS's denial of BlueTriton's application for permit renewal in 2024. Under the Administrative Procedure Act, each of these actions must be reviewed on its own administrative record. So, within the parlance of Rule 42, the two cases do not involve "a common *question* of fact or law." Fed. R. Civ. P. 42(a) (emphasis added). Stated differently, the background facts may be similar, and some of the applicable legal rules may be the same, but the two cases arise out of distinct acts or occurrences and thus present wholly different questions of law and fact for the Court to resolve.

For that reason, it is unclear at this stage whether "consolidation" would achieve any efficiencies beyond those already achieved by assigning the two cases to the same Judge under the Court's related-case procedure. Notably, SOFA's motion is silent as to exactly how the cases should be consolidated. Perhaps that is because there is no obvious candidate for achieving the efficiencies consolidation ordinarily promises. There will be no trial, so consolidation is unnecessary for that purpose. And each case will be resolved through its own summary judgment briefing, based on separate administrative records. Moreover, because the Court has stayed No. 2:24-cv-09720-JGB-DTB until the Fresno County Superior Court issues a decision on BlueTriton's challenge to the State Water Resources Control Board's 2023 Order, *see* ECF No. 90, consolidation would only serve to delay proceedings in SOFA's lawsuit.

After the stay is lifted in No. 2:24-cv-09720-JGB-DTB, the parties or the Court might identify a specific reason that consolidation is necessary for the Court to

SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

coordinate proceedings efficiently in the two cases.  But that reason is not apparent today.  So in the absence of a clear benefit to further consolidation, BlueTriton respectfully submits that the Court should deny SOFA's motion without prejudice.

Dated:  January 17, 2025                             **HUNTON ANDREWS KURTH LLP**

By:      /s/ *Brandon Marvisi*
         Brandon Marvisi
         Attorneys for Plaintiff
         BLUETRITON BRANDS, INC.

# CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for BlueTriton Brands, Inc., certifies that this brief contains 381 words, which complies with Local Rule 11-6.1

Dated: January 17, 2025

**HUNTON ANDREWS KURTH LLP**

By:    /s/ *Brandon Marvisi*
     Brandon Marvisi
     Attorneys for BlueTriton Brands, Inc.

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to this action. My business address is 550 South Hope Street, Suite 2000, Los Angeles, California 90071-2627.

On January 8, 2025, I served the foregoing document(s) described as **SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION** on the interested parties in this action as follows:

## SEE ATTACHED SERVICE LIST

☐ **By MAIL:** by placing true and correct copy(ies) thereof in an envelope addressed to the attorney(s) of record, addressed as stated above.

☐ **By PERSONAL SERVICE:** I delivered the envelope by hand on the addressee, addressed as stated above.

☐ **By OVERNIGHT MAIL:** by overnight courier, I arranged for the above-referenced document(s) to be delivered to an authorized overnight courier service for delivery to the addressee(s) above, in an envelope or package designated by the overnight courier service with delivery fees paid or provided for.

☑ **By ELECTRONIC MAIL:** by causing a true and correct copy thereof to be transmitted electronically to the attorney(s) of record at the e-mail address(es) indicated above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 17, 2025, Los Angeles, California.

*/s/ Anuradha Das*
Anuradha Das