# ATTACHMENT 1

APP-002

| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NUMBER: 179033 | FOR COURT USE ONLY |
|---|---|
| NAME: Daniel M. Fuchs <br> FIRM NAME: State of California - Office of the Attorney General - Department of Justice <br> STREET ADDRESS: 1300 I Street, Suite 125, P.O. Box 944255 <br> CITY: Sacramento    STATE: CA    ZIP CODE: 94244-2550 <br> TELEPHONE NO.: (916) 210-7827    FAX NO.: <br> EMAIL ADDRESS: Daniel.Fuchs@doj.ca.gov <br> ATTORNEY FOR (name): Respondents, California State Water Resources Control Board, et al. | E-FILED <br> 6/26/2025 10:59 AM <br> Superior Court of California <br> County of Fresno <br> By: B. Varela, Deputy |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO**
STREET ADDRESS: 1130 "O" Street
MAILING ADDRESS: 1130 "O" Street
CITY AND ZIP CODE: Fresno, California 93721-2220
BRANCH NAME: Civil Unlimited Department, Central Division

PLAINTIFF/PETITIONER: BlueTriton Brands, Inc.
DEFENDANT/RESPONDENT: California State Water Resources Control Board, et al.

| [x] **NOTICE OF APPEAL**    [ ] **CROSS-APPEAL** <br> **(UNLIMITED CIVIL CASE)** | CASE NUMBER: <br> 23CECG04292 |
|---|---|

**Notice:** Please read *Information on Appeal Procedures for Unlimited Civil Cases* (Judicial Council form APP-001-INFO) before completing this form. This form must be filed in the superior court, not in the Court of Appeal. A copy of this form must also be served on the other party or parties to this appeal. You may use an applicable Judicial Council form (such as APP-009 or APP-009E) for the proof of service. When this document has been completed and a copy served, the original may then be filed with the court with proof of service.

1. NOTICE IS HEREBY GIVEN that:
   a. *(Name):* State Water Resources Ctrl. Bd. et al.   appeals from a judgment or order in this case.
   b. The judgment or order was entered on *(list the date or dates the judgment and each order being appealed were entered):*
      May 5, 2025
   c. The appeal is from the following order or judgment *(check all that apply)*:
      [ ] Judgment after jury trial
      [ ] Judgment after court trial
      [ ] Default judgment
      [ ] Judgment after an order granting a summary judgment motion
      [ ] Judgment of dismissal under Code of Civil Procedure, §§ 581d, 583.250, 583.360, or 583.430
      [ ] Judgment of dismissal after an order sustaining a demurrer
      [ ] An order after judgment under Code of Civil Procedure, § 904.1(a)(2)
      [ ] An order or judgment under Code of Civil Procedure, § 904.1(a)(3)–(13)
      [x] Other *(describe and specify the code section or other authority that authorizes this appeal):*
         Order granting motion for judgment on the writ. (Code Civ. Proc., §§ 1094, 904.1, subd. (a)(1).)

   d. [ ] The judgment or order being appealed directs payment of sanctions by an attorney for a party. The attorney *(name):*                           appeals.

2. For cross-appeals only:
   a. Date notice of appeal was filed in original appeal:
   b. Date superior court clerk mailed notice of original appeal:
   c. Court of Appeal case number *(if known):*

3. [x] The judgment or order being appealed is attached *(optional).*

Date: June 25, 2025

Daniel M. Fuchs                                          ▶ *Daniel M. Fuchs*
(TYPE OR PRINT NAME)                                     (SIGNATURE OF PARTY OR ATTORNEY)

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
APP-002 [Rev. January 1, 2024]

**NOTICE OF APPEAL/CROSS-APPEAL—UNLIMITED CIVIL CASE**
**(Appellate)**

Cal. Rules of Court, rule 8.100
www.courts.ca.gov



MAY 05 2025

FRESNO SUPERIOR COURT
By_____ DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF FRESNO

BLUE TRITON BRANDS, INC, A DELAWARE CORPORATION;

PETITIONER AND PLAINTIFF,

V.

CALIFORNIA STATE WATER RESOURCES CONTROL BOARD; ET AL;

RESPONDENTS AND DEFENDANTS.

CASE NO.: 23CECG04292

DEPT. 97D

DECISION GRANTING BLUE TRITON BRANDS RENEWED MOTION FOR JUDGMENT

"There will always be great difficulty in fixing a line, beyond which the water in the sands and gravels over which a stream flows, and which supply or uphold the stream, ceases to be a part thereof and becomes what is called 'percolating water.' *Hudson v. Dailey*, 156 Cal. 617, 627–28 (1909)

The opposite is also true.

Blue Triton Brands (BTB) and the California State Water Resources Control Board et al (SWRCB) have each brought Motions for Judgment against each other believing the court's granting of these motions would dispose of the action. The court agrees and finds SWRCB issued an order in excess of its jurisdiction.[1] The order issued on April 23, 2025 by SWRCB is set aside.

---

[1] Subsequent to the arguments heard on March 12, 2025 regarding the Renewed Motions for Judgment the 5th District Court of Appeals issued their decision in *Bring Back the Kern v. City of Bakersfield*, 2025 WL 984395, (April 2nd, 2025). The

1

A Brief History of California Water Regulation

Modern day California Water Regulation was born out of the Water Commission Act[2]. The Proposition's introductory language, with a rather staccato rhythm, reads the Act, "Creates state water commission for control of appropriation and use of waters; defines rights in riparian and unappropriated waters; prescribes procedure for investigation of waters and water rights, appropriation thereof, apportionment of same between claimants, issuance of licenses, revocation thereof; declares present rights of municipal corporations unaffected."[3] The motivation for such a 'commission' can be gleaned from some of the early cases cited by both parties in their briefs and arguments.[4] In one of the earliest cases cited we learn, "Water flowing from springs, … may be appropriated…. And from the earliest times in this state it has been customary to divert water onto the public lands for mining, agricultural, and other purposes, and this right was, in 1866, confirmed and approved by act of Congress." *Ely v. Ferguson*, 91 Cal. 187, 190 (1891). In making a distinction between percolating water and springs which may be appropriated and subterranean streams which come under a different application of the law, we learn in *City of Los Angeles v. Pomeroy*, 124 Cal. 597, 632 (1899) "There is no dispute between the parties and no conflict in the authorities as to the proposition that subterranean *streams flowing*

---

court recognizes the decision has an impact on water rights, but the question in this motion for judgment is the extent the citizens of the State of California have delegated water regulatory authority to the State Water Resources Control Board and does not implicate California Constitution Article X, § 2.

[2] WATER COMMISSION ACT California Proposition 29 (1914). Referred by the Legislature and Governor in 1913 and approved by voters in 1914.

[3] Id.

[4] *Ely v. Ferguson* (1891) 91 Cal. 187, *Los Angeles v. Pomeroy* (1899) 124 Cal. 597, *Katz v. Walkinshaw* (1903) 141 Cal. 116, *McClintock v. Hudson* (1903) 141 Cal. 275, *Montecito Valley Water Co. v. City of Santa Barbara* (1904) 144 Cal. 578, *Gutierrez v. Wege*, (1905) 145 Cal. 730, *Wolfskill v. Smith* (1907) 5 Cal.App. 175 *Pomona Land & Water Co. v. San Antonio Water Co.* (1908) 152 Cal. 618, *Hudson v. Dailey* (1909) 156 Cal. 617, *Miller v. Bay Cities W. Co.*, (1910) 157 Cal. 256.

*through known and definite channels* are governed by the same rules that apply to surface streams." A sentiment which is echoed in a highly relevant statute governing the extent of the authority of SWRCB. "Whenever the terms stream, lake or other body of water, or water occurs in relation to applications to appropriate water or permits or licenses issued pursuant to such applications, such term refers only to surface water, and to subterranean *streams flowing through known and definite channels*." Cal. Water Code § 1200. (Emphasis added to both.)

While the remaining cases predating the Water Commission Act of 1914 are helpful in an understanding of water rights, they are not quite as helpful in developing an understanding of State water regulation; i.e. those cases address an injury one land owner may have suffered at the hands of another land owner. The legal question in this motion for judgment is not about water rights. Rather, it is whether the SWRCB has gone beyond the limits of its delegated authority.[5]

The SWRCB has jurisdiction over, "all water flowing in any natural channel, … [because it] is hereby declared to be public water of the State and subject to appropriation in accordance with the provisions of this code." Cal. Water Code § 1201. In order to bring context to the regulatory permissive language in Cal. Water Code §§ 1200 & 1201 which allows the SWRCB to regulate "all water flowing in any natural channel" and "subterranean streams flowing through known and definite channels" one must also keep in mind the regulatory prohibitive language of Cal. Water Code § 1221 which reads, "This article shall not be construed to authorize the board to regulate *groundwater in any manner*." (Emphasis added). Indeed both parties agree the SWRCB has no authority to regulate water that is neither surface water nor a subterranean stream flowing through known and definite channels.

---

[5] This court recognizes some of the *Pomeroy* decision related to defining a subterranean stream was significantly broadened by later California Supreme Court cases (*City of Los Angeles v. Hunter* (1909) 156 Cal. 603 and later in *City of Los Angeles v. Glendale*, (1943) 23 Cal.2d 68. However, because the enabling language for the SWRCB comes directly from *Pomeroy* it is the *Pomeroy* decision which informs this court's understanding of California Water Code § 1200.

Standard of Review

Since both parties agree the SWRCB has no authority to regulate groundwater in any manner and, therefore, no authority to issue a cease and desist order to prohibit the tapping of groundwater the only question is whether BTB is tapping into groundwater or a "subterranean stream[] flowing through [a] known and definite channel." Clearly the SWRCB believes they have the authority to issue the cease and desist order they have issued and, while a regulatory agency is allowed some deference by the courts, "a court must always make an independent determination whether the agency regulation is within the scope of the authority conferred…" *Yamaha Corp. of Am. v. State Bd. of Equalization*, 19 Cal. 4th 1, 18, 960 P.2d 1031, 1041 (1998). Therefore, this court is required to make an independent determination whether the SWRCB acted within the scope of its authority when it issued its Cease and Desist Order (CDO).

Both parties also agree this court should proceed under California Code of Civil Procedure § 1094.5 which reads in part, "The inquiry in such a case shall extend to the questions whether the respondent has proceeded without, or in excess of, jurisdiction...." Cal. Civ. Proc. Code § 1094.5(b). This first prong of the statute is the subject of the Petitioner's Motion for Judgment on their First Cause of Action. In determining whether the SWRCB has exceeded its jurisdiction "a court must always make an independent determination whether the agency regulation is 'within the scope of the authority conferred,' and that determination includes an inquiry into the extent to which the Legislature[6] intended to delegate discretion to the agency to construe or elaborate on the authorizing statute." *Yamaha Corp. of Am. v. State Bd. of Equalization*, 19 Cal. 4th 1, 18, 960 P.2d 1031, 1041 (1998). For the purposes of BTB's Motion for Judgment on the First Cause of Action the court adopts the factual findings of the SWRCB, but is not bound by the conclusions the SWRCB made from those facts. Specifically, the conclusion the SWRCB had the authority to issue the cease and desist order which is the subject of this motion.

---

[6] The authority granted had its origin from the Citizens of the State of California in the State Water Commission Act.

4

The Order

The SWRCB order reads between April 2015 and September 2017 the SWRCB received complaints made by several entities and individuals. The most fundamental, as it relates to the SWRCB, was a complaint it was "diverting water without a valid basis of right…" (CDO P.2) The SWRCB, through one of its divisions, conducted an investigation which concluded Nestle (the predecessor to BTB) may have some rights to the water, but a "significant portion … appears to be diverted without a valid basis of right". (CDO P.3) After several hearings and draft CDOs the Administrative Hearing Officer (AHO) transmitted its final proposed CDO to the SWRCB on May 26, 2023.

The CDO related some of the testimony and reports entered into the record which included:

A technical report from Mark Nicholls, a certified hydrogeologist regarding the hydrologic characterization of surface water and groundwater resources in Strawberry Canyon – the geographic area where the underground water is tapped by BTB – was admitted into the record. He writes, "The fractured bedrock aquifers of the San Bernardino Mountains discharge naturally to ground surface where fracture networks intersect the surface or are intercepted by fault planes." (CDO P.6&7)

A warranty deed from February 27, 1929 was admitted which identified, among other interests "all subterranean waters" in Strawberry Canyon to a predecessor of BTB. (CDO p. 11)

It is clear from the testimony and evidence presented to the Administrative Hearing Officer, and this court accepts as true, some of the water within the San Bernardino Mountain does percolate naturally into Strawberry Canyon. It is also clear there is no known above ground stream which feeds the water which meanders through the aquifers beneath the mountain. It is here where this court draws a different conclusion on these same facts. This court concludes if there is no known starting point of an alleged subterranean stream, there can be no "subterranean streams flowing through known and definite

channels". A "known and definite channel" implies there is a point A where an above ground stream becomes subterranean and a point B where the subterranean stream resurfaces.[7] To hold otherwise would mean all aquifers which eventually percolate naturally somewhere would be subterranean streams flowing through known and definite channels and would, consequently, significantly expand the authority of the SWRCB – including over well and/or percolating water throughout all of California; the type of mission creep the *Yamaha* court was cautioning against in the language cited supra. Additionally, this was clearly not the intent of the voters of California when they approved the State Water Commission Act. In fact, in light of the Supreme Court decisions which led up to the passage of the referendum, it is reasonable to conclude what the SWRCB has done in their Cease and Desist Order exactly what the voters intended to prevent and what Cal. Water Code § 1221 prohibits.[8]

BTB, on several occasions, tried to have the preliminary question of whether SWRCB had the authority to do what it did answered, but the AHO kept kicking the can down the road.[9] Fascinatingly, the

---

[7] Unless the SWRCB intends to hold the rather ridiculous position rainwater is a stream. "In 1988, Mr. Mann prepared a report to the director of production and logistics of the Arrowhead Drinking Water Company. This report stated: The Arrowhead Springs are located in an area of high rainfall. Especially during periods of heavy rainfall, the rain water which falls on the granite slopes enters fractures, follows fracture systems to lower elevations and exits as seeps along the steep south-facing slopes." (CDO P. 17)

[8] "This article shall not be construed to authorize the board to regulate groundwater in any manner." Cal. Water Code § 1221

[9] "The Board did not issue any ruling on the June 27, 2022 motion to stay that Blue Triton filed with the Board. This is consistent with our conclusion in Order WR 2022-0087 that the Board will not review preliminary or procedural decisions, orders or rulings issued by the AHO, and instead will wait to consider any issues raised by such decisions, orders and rulings that merit Board review until after the AHO has completed its hearing process and presented a proposed order to the Board." (Footnote 24 of the CDO P.32)

SWRCB relied, at least partially, upon an engineer to give the legal opinion on whether the SWRCB had the authority to issue a CDO.[10]

Conclusion

"It is the intent of the Legislature that all issues relating to state water law decided by the board be reviewed in state courts, if a party seeks judicial review." Cal. Water Code § 1126 (a)

The SWRCB issued its order pursuant to Cal. Water Code § 1831. (CDO P.90-92)

"Section 1094.5 of the Code of Civil Procedure shall govern judicial proceedings under this section. For the purposes of subdivision (c) of Section 1094.5 of the Code of Civil Procedure, the court shall exercise its independent judgment on the evidence in any case involving the judicial review of a cease and desist order issued pursuant to … Section 1831." Cal. Water Code § 1126 (c)

This court has exercised its independent judgment and has found the logic used by the SWRCB faulty in coming to the conclusions they did. Specifically, the SWRCB misunderstood and inappropriately applied Cal. State Water Code §§ 1200, 1201 & 1221.

The court grants the BTB's motion for judgment on the first cause of action. The SWRCB Order WR 2023-0042 is set aside in its entirety. The Respondent's motion for judgment as to the second cause of action is moot.

May 5, 2025

HON. ROBERT MICHAEL WHALEN, JR.
Judge of the Superior Court

---

[10] The engineer informs the SWRCB by declaring BTB's use of water was "fully subject to the Board's permitting authority." (CDO P. 35)

7

## DECLARATION OF SERVICE BY E-MAIL

Case Name:  ***BlueTriton Brands, Inc. v. CA State Water Resources Control Board, et al.***
Case No.:   **Fresno County Superior Court No. 23CECG04292**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter.

On <u>June 26, 2025</u>, I served the attached **NOTICE OF APPEAL – UNLIMITED CIVIL CASE** by transmitting a true copy via electronic mail, addressed as follows:

John P. Kinsey
Nicolas R. Cardella
Robert E. Donlan
Shawnda M. Grady
Danika Jones
Hannah Wilhelm
Dena Richardson
WANGER JONES HELSLEY PC
**E-mail Addresses**:
jkinsey@wjhattorneys.com
ncardella@wjhattorneys.com
rdonlan@wjhattorneys.com
sgrady@wjhattorneys.com
djones@wjhattorneys.com
hwilhelm@wjhattorneys.com
drichardson@wjhattorneys.com
***Attorneys for Petitioner and Plaintiff, BLUETRITON BRANDS, INC.***

Christopher M. Sanders
Patty Slomski
ELLISON, SCHNEIDER, HARRIS & DONLAN LLP
**E-mail Addresses**:
cms@eslawfirm.com
ps@eslawfirm.com
***Attorneys for Petitioner and Plaintiff, BLUETRITON BRANDS, INC.***

John Buse
Frances Tinney
CENTER FOR BIOLOGICAL DIVERSITY
jbuse@biologicaldiversity.org
ftinney@biologicaldiversity.org
***Attorneys for Center for Biological Diversity***

Rita P. Maguire
Attorney at Law
rmaguire@azwaterlaw.com
***Attorney for Petitioner and Plaintiff, BLUETRITON BRANDS, INC.***

Rachel S. Doughty
Greenfire Law. PC
rdoughty@greenfirelaw.com
***Attorneys for Save Our Forest Association, Inc.***

Amanda Frye
amandafrye6@gmail.com
***California Resident & Citizen of the United States***

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct, and that this declaration was executed on <u>June 26, 2025</u>, at Sacramento, California.

| Kristi Dykstra | *Kristi Dykstra* |
|---|---|
| Declarant | Signature |

SA2023305753
39123504.docx